The opinion of the Court was drawn up by
Appleton, C. J.
The power of attorney to Rich did not empower him to convey the demanded premises to the inhabitants of Tremont. The authority "to grant any and all discharges by deed or otherwise, both personal and real,” as fully as the principal might do, cannot be fairly construed as enabling the agent to convey by bill of sale, or by deed of warranty, all the personal and real estate of his principal. Nor can the authority to convey by deed be found elsewhere.
Whenever any act of agency is required to be done in the *381 name of the principal under seal, the authority to do the act must be conferred by an instrument under seal. A power to convey lands must possess the same requisites, and observe the same solemnities as are necessary in a deed directly conveying the land. Gage v. Gage, 10 N. H., 424; Story on Agency, §§ 49, 50; Montgomery v. Dorion, 6 N. H., 250. So the ratification of an unauthorized conveyance by deed must be by an instrument under seal. Story on Agency, § 252. A parol ratification is not sufficient. Stetson v. Patten, 2 Greenl., 359 ; Paine v. Tucker, 21 Maine, 138; Hanford v. McNair, 9 Wend., 54; Despatch Line Co. v. Bellamy Man. Co., 12 N. H., 205.
The plaintiff received his conveyance. with a full knowledge of the equitable rights of the tenants. The remedial processes of a court of equity may perhaps afford protection to the defendants. At common law their defence fails.
Defendants defaulted.
Rice, Cutting, Davis and Walton, JJ., concurred.