## Schintz vs. McManamy.

DEED: (1) *After execution, grantor's agent may insert name of grantee.*
(2) *Limit of the right.* (3) *Deed cancelled where defendant's name inserted as grantee, without authority.* (4) *Estoppel.*

1. Where a deed of land, fully executed and acknowledged, but with the name of the grantee in blank, is left with A. for delivery to X., who has contracted for the purchase of the land, upon payment of the purchase price, it is competent for the grantor to authorize A. to insert the name of X. as grantee. *Vliet v. Camp*, 13 Wis., 198; *Van Etta v. Evenson*, 28 id., 33.

2. But A. has no right, upon payment to him of the price, and at the request of X., to insert the name of Y. as grantee, and deliver the deed to him. And especially is this so where the grantor, before such payment, has instructed A. not to deliver the deed to *any person*.

3. In a case like that just stated, the grantor having tendered to Y. a return of the price paid, and the fee paid for recording said deed, and demanded of him a quitclaim deed of the land, which was refused: *Held*, that he was entitled to a judgment cancelling the deed.

4. Whether, as against a *bona fide* grantee of Y., plaintiff would have been *estopped*, on the ground of negligence, from denying the validity of the deed to Y., *quære*.

APPEAL from the Circuit Court for *Winnebago* County.

Action to procure the cancellation of a deed. The case, stated most strongly for the defendant, is as follows: The plaintiff lived in Appleton, and owned three lots in Oshkosh. He received information at his residence, by a letter from one Stewar, that a friend of the latter wished to purchase such lots. Not knowing the name of the friend, the plaintiff and his wife executed a deed of the lots, leaving the name of the grantee blank. The plaintiff took the deed to Oshkosh, and there made a contract with Elizabeth McManamy, who is a sister of the defendant, to sell and convey the lots to her for $225. The purchaser not being prepared at that time to pay for the lots, the plaintiff left the deed with one Emil Schintz, with directions, when the purchaser should pay the agreed price, to in-

sert her name therein as grantee, and to deliver the same to her. Before the price was paid or the deed delivered, the plaintiff gave Emil positive instructions not to deliver the deed to any person. After he received such instructions, and without any authority whatever, Emil received the $225 from the defendant or his sister, permitted the name of the defendant to be inserted in the deed as grantee, and delivered such deed to the defendant.

Before this action was commenced, the plaintiff caused the sum of $226 to be tendered to the defendant, and presented to him a quitclaim deed of the lots to the plaintiff, and demanded of the defendant that he execute the same. The latter refused to receive the money so tendered, or to execute such deed.

The circuit court gave judgment for the defendant, dismissing the complaint, with costs ; and the plaintiff appealed therefrom.

*Finch & Felker*, for appellant, contended that authority to fill blanks in a sealed instrument can only be given by an instrument under seal. Co. Litt., 171 ; Shep. Touch., 54 ; Perkins, 118 ; Com. Dig., Part A., p. 1 ; *Weeks v. Maillardet*, 14 East, 568 ; *Hibblewhite v. Morine*, 6 M. & W., 200 ; *Jackson v. Titus*, 2 Johns., 430 ; *Hayden v. Westcott*, 11 Conn., 129 ; *Ayres v. Harness*, 1 Ohio, 368 ; 5 Harring. (Del.), 408 ; *Ingram v. Little*, 14 Ga., 173 ; 5 How. (Miss.), 171 ; *Gorham v. Reeves*, 3 Ind., 83 ; *U. S. v. Nelson*, 2 Brock., 64 ; *Davidson v. Cooper*, 13 M. & W., 345 ; *Enthoven v. Hoyle*, 13 C. B., 373 ; *Bashford v. Pearson*, 9 Allen, 387 ; 41 Cal., 85 ; 6 Allen, 305 ; 7 Wis., 551. 2. To the point that there was no valid *delivery* of the deed in this case, they cited *Stiles v. Brown*, 16 Vt., 563 ; *People v. Bostwick*, 32 N. Y., 445 ; *Johnson v. Baker*, 4 Barn. & Ald., 440 ; *Smith v. South Royalton Bank*, 32 Vt., 341 ; 11 id., 621 ; *Agnes v. Swift*, 4 Wis., 343 ; 6 id., 462 ; 30 id., 57, 646 ; *Woodman v. Coolbroth*, 7 Greenl., 181 ; 30 Me., 110 ; 8 Met., 439 ; 4 Whart., 387 ; 4 Rand., 177 ; 3 Washb. R. P., 271.

*Jeff. Murdock,* for respondent:

The circuit court found that "Elizabeth McManamy informed plaintiff that she was not then ready to take the deed," and pay the sum of $225, "and would not be until her brother, the defendant, came across the lake, which would probably be in about two weeks;" and that "plaintiff then told said Elizabeth McManamy that he would leave the deed with Emil Schintz, and that she could obtain the same by paying to said Emil Schintz the sum of $225." The private instructions given to Emil to deliver the deed "if called for in two days," and the subsequent telegraphic instruction to him not to deliver it, were entirely unknown to Elizabeth McManamy or the defendant. Where a principal holds out to a third person that his agent has certain authority, and afterwards revokes it without giving any notice to such third person, the revocation is of no effect. Story on Agency, §§ 127–134 and notes, and § 470; *Com. Bk. of Buffalo v. Kortright,* 22 Wend., 360; *North River Bk. v. Aymar,* 3 Hill, 262; *Beard v. Kirk,* 11 N. H., 397; *Salte v. Field,* 5 Term, 211; *Anon. v. Harrison,* 12 Mod., 346; *Morgan v. Stell,* 5 Bin., 305; *Bowerbank v. Morris,* Wal. (C. C.), 126. 2. In *Everts v. Agnes,* 4 Wis., 353, the decision is put expressly upon the ground that the deed had been fraudulently obtained without performance of the condition, and that, therefore, no assent of the grantor would be presumed. In this case the only condition was the payment of $225 when defendant returned from across the lake; and this condition was fulfilled.

LYON, J. The deed was made and delivered to the defendant with the consent and by the procurement of his sister Elizabeth, who made the contract for the land with the plaintiff; but there is nothing in the case to show, or which even tends to show, that the plaintiff ever agreed to convey the lots to any person other than said Elizabeth, or that he ever authorized Emil to insert any other name in the deed as grantee.

It was doubtless competent for the grantors to authorize

Emil, by parol, to insert the name of the grantee in the deed after they had signed and acknowledged the same. *Vliet v. Camp*, 13 Wis., 198; *VanEtta v. Evenson*, 28 id., 33. But we know of no rule or principle of law which makes the deed valid and operative to convey the title to a stranger, whose name has been inserted therein as grantee by the custodian of the deed, without authority from the grantor and in direct violation of his positive orders. Suppose, on tender of $225, and due demand for the deed, Emil had refused to insert the name of the defendant as grantee therein, and to deliver the deed to the latter. Can it be successfully claimed that the defendant could maintain an action against the plaintiff to compel him to convey the lots to the defendant? Would it not be a complete answer and defense to such action to show that the plaintiff never agreed to do anything of the kind — that he never made any contract whatever with the defendant in respect to the lots?

It may be said that it is quite immaterial to the plaintiff whether he conveys the lot to the defendant or to his sister, so long as he receives the agreed price therefor. This may be true, and yet the plaintiff has an undoubted right to determine for himself to whom he will convey his land. He may be willing to convey to one person for a given price, but his right to refuse to convey to another person for the same price is undoubted. He may contract to convey to A., and yet be under no legal obligation to convey to B. on the same terms, even though A. may desire that he should do so. *Diener v. Diener*, 5 Wis., 483. In this case there is no pretense that the plaintiff agreed to convey to the assignee of Elizabeth, or to such person as she might appoint. He only agreed to convey to her, and the direction which he gave to Emil, not to deliver the deed, was, at least, a positive refusal to convey to any other person.

Were this a contest between the plaintiff and a *bona fide* grantee of the defendant, a question of negligence on the part of the plaintiff, like that discussed in *Tisher v. Beckwith*, 30

Wis., 55, might arise, and it might, perhaps, be held that he was estopped to deny the validity of the deed to the defendant. But no such question is involved in this case, because the defendant knew that he had no agreement with the plaintiff which entitled him to a conveyance of the lots.

There are other questions which were discussed in the arguments of counsel, but the views above expressed are decisive of the case, and render the consideration of those questions unnecessary.

The judgment must be reversed, and the cause remanded with directions to the circuit court (upon payment into court, for the use of the defendant, of the amount tendered to him) to render judgment for the plaintiff granting the relief demanded in the complaint.

*By the Court.* — So ordered.