LEVI H. LOCKWOOD v. SARAH M. BASSETT AND SAMUEL
MAPES.

SARAH M. BASSETT v. LEVI H. LOCKWOOD.

*Deed—Insertion of grantee's name after execution—Subrogation.*

Where a deed is executed and acknowledged without naming a
grantee, but the name is inserted before delivery and the deed is
delivered by the grantor himself or by his direction, the deed as com-
pleted must be regarded as adopted by him.

Where a deed from which the grantee's name is omitted is delivered,
and the blank is filled after delivery, the grantor, by claiming the
benefit of accompanying and related contracts, makes the deed his
own and estops himself from objecting that it is invalid.

Where a deed made by husband and wife as grantors, but drawn without
naming a grantee, is placed by the husband in the hands of the wife
to be used exclusively for her own advantage and with the purpose
of putting the legal title at her disposal as equitable owner, and she
inserts the name of a grantee and delivers it in her own interest and
afterwards receives a conveyance of her husband's interest, she
will be concluded from denying the validity of the deed as if she had
held both legal and equitable estates when the deed was delivered.

Where land is deeded to secure the repayment of money borrowed from the grantee to pay off existing incumbrances, and it is applied to that purpose, the grantee, if the deed is adjudged invalid, can claim subrogation to the rights of the mortgagees whose liens have been discharged; and he would be entitled to a decree of foreclosure against the land so deeded as security,

Appeal from Wayne. Submitted Oct. 19. Decided Jan. 5.

BILL of foreclosure. CROSS-BILL to clear title. Complainant in the original bill and defendant in the cross-bill appeals. Reversed.

*C. J. O'Flynn* and *H. H. Swan* for Lockwood. A deed in which the grantee's name is inserted after execution by some one having parol authority to do so is not void, when executed and acknowledged by a person competent to convey: *Drury v. Foster* 2 Wall. 24; *Chauncey v. Arnold* 24 N. Y. 330; *Inhabitants v. Huntress* 53 Me. 90; *Wiley v. Moor* 17 S. & R. 438; *Field v. Stagg* 52 Mo. 534; *Mc-Quie v. Peay* 58 Mo. 56; *Owen v. Perry* 25 Iowa 412; *McClain v. McClain* 52 Iowa 272; *VanEtta v. Evanson* 28 Wis. 33; *Schintz v. McManamy* 33 Wis. 299; *Pence v. Arbuckle* 22 Minn. 417; *Richmond v. Davis* 7 Blackf. 412; *Duncan v. Hodges* 4 McCord 239; 1 Jones on Mortgages § 90; one whose money has been used to satisfy an incumbrance on property is entitled to be subrogated to the rights of the mortgagee whose debt he paid : *Detroit Ins. Co. v. Aspinall* 48 Mich. 238; *Homœopathic etc. v. Marshall* 32 N. J. Eq. 103; *Valle's Heirs v. Fleming's Heirs* 29 Mo. 152.

*Aikman & Walker* and *C. I. Walker* for Sarah M. Bassett. A deed is void *ab initio* if no grantee is named, and no written authority to insert the name is given: 2 Hilliard R. P. ch. 83 § 10; 2 Washb. R. P. § 26; *Newton v. McKay* 29 Mich. 1; *Lindsley v. Lamb* 34 Mich. 510; a grantee's name cannot be inserted by parol authority in the absence of the grantor, and long after its execution: *Heath v. Nutter* 50 Me. 378; *Hibblewhite v. M'Morine* 6 M. & W. 200;

*Chase v. Palmer* 29 Ill. 306; *Whitaker v. Miller* 83 Ill. 381; *Burns v. Lynde* 6 Allen 305; *Drury v. Foster* 2 Wall. 34; *Wunderlin v. Cadogan* 50 Cal. 613; where a widow executed, as administratrix, a warranty-deed of property belonging to the estate of her husband, she was not estopped from claiming dower in the same land: *Wright v. De Groff* 14 Mich. 164, 166; *Smith v. Walker* 38 Cal. 389.

COOLEY, J. The complainant, as administrator of Chauncey M. Lockwood, claims a lien in the nature of a mortgage under a deed given by the defendant Sarah M. Bassett and Henry Bassett, her husband, to the intestate of certain lands the title to which at the date of the deed was in the husband. The lien which is claimed is for the sum of eight thousand dollars which it is conceded by the defense was had by Mrs. Bassett from the intestate, who was her brother. But Mrs. Bassett insists that the money was a gift to her from the intestate; and the case, so far as it rests upon the facts, turns mainly upon this claim of gift. But she also claims that the deed, when executed and acknowledged by the husband, contained no name of a grantee, and that the name of the intestate was afterwards inserted and the deed delivered without the husband's consent. This being so it is argued that the deed is inoperative for any purpose. This statement sufficiently indicates the issues. Henry Bassett has since conveyed to his wife any interest he may have had in the lands, so that his rights are no longer in question.

We have carefully searched the record of the case for evidence of the gift Mrs. Bassett relies upon, and are forced to the conclusion that it is not proved. Discarding such of her own evidence as is incompetent, because relating to facts which, if they existed, must have been equally within the knowledge of the intestate, we find nothing of a satisfactory character to support the defense. We think it fails entirely.

It remains to be seen whether the lien which is relied upon by the complainant can be supported, in view of the undoubted fact that the deed, when executed by Henry

Bassett, contained no name of grantee. The facts as we think are that Bassett executed the deed in that form and delivered it to his wife in order that she might thereby be enabled to dispose of the land in her own interest, and that she subsequently had the name of Chauncey M. Lockwood inserted as grantee and delivered it to him. Whether the delivery was expressly made by way of pledge, for the money obtained, is not so certain, but it is shown without dispute that Chauncey was to hold the land for his sister, and the payment of the money by him was the occasion and the inducement for the delivery of the deed.

Many cases hold that a deed executed and delivered with a necessary part left in blank is ineffectual as a conveyance though afterwards the blank is filled: *Hibblewhite v. M'-Morine* 6 M. & W. 200 ; *United States v. Nelson* 2 Brock. 64 ; *Chase v. Palmer* 29 Ill. 306 ; *Whitaker v. Miller* 83 Ill. 381 ; *Williams v. Crutcher* 6 Miss. 71 ; *Davenport v. Sleight* 2 Dev. & B. 381 ; *Cross v. State Bank* 5 Ark. 525 ; *Viser v. Rice* 33 Tex. 139 ; *Heath v. Nutter* 50 Me. 378 ; *Wunderlin v. Cadogan* 50 Cal. 613 ; *Burns v. Lynde* 6 Allen 305 ; *Ingram v. Little* 14 Ga. 173 ; *Lindsley v. Lamb* 34 Mich. 509. But other cases hold that if the filling of the blank is by express authorization of the grantor, this is sufficient, even though the authority is by parol: *Ex parte Kerwin* 8 Cow. 118 ; *Vliet v. Camp* 13 Wis. 198 ; *Van Etta v. Evenson* 28 Wis. 33 ; *Schintz v. McManamy* 33 Wis. 299 ; *Ragsdale v. Robinson* 48 Tex. 379 ; *Pence v. Arbuckle* 22 Minn. 417 ; *Field v. Stagg* 52 Mo. 534. In Iowa where there are like decisions importance is attached to the fact that the statute does not make a seal essential to a deed.: *Swartz v. Ballou* 47 Iowa 188 ; *McClain v. McClain* 52 Iowa 274. In this State the statute declares that a deed shall not be invalid for want of a seal. Comp. L. § 6194.

But in this case it is not necessary to decide whether a parol authority to fill a blank after delivery is or is not sufficient, for the facts do not raise the question. The blank in this case was filled before delivery ; and when the delivery is by the grantor himself or by his direction, the

deed as then completed is adopted by him. No one does or can dispute this. Even if the blank were filled up after delivery, the grantor, if he claimed the benefit of accompanying and related contracts, would thereby make the deed as completed his own, and preclude himself from objecting to the invalidity afterwards. *Duncan v. Hodges* 4 McCord 239.

In this case no express authority from Henry Bassett to fill in the name of Chauncey M. Lockwood, or to raise money by a pledge of the title, is shown. But it is shown by the defense that the deed as executed in blank was placed in Mrs. Bassett's hands to be made use of exclusively for her own advantage, and very strong equities in her behalf are proved as a reason for this. The purpose therefore was to put the legal title at her disposal as the equitable owner, and when she delivered the deed she did so not in her husband's interest but in her own. She was a party to the deed, and if the title had been in her, the conveyance would unquestionably have been sufficient, but as all the equities were then in her and she has since obtained a conveyance from her husband, she must, we think, be held concluded to the same extent as she would have been if the legal and equitable estates had been united in her when the deed was delivered.

Another view of this case is equally conclusive against the defense. The money obtained from Chauncey M. Lockwood was advanced for the purpose of paying off existing incumbrances upon the lands described in the deed, and was directly and immediately applied to that object. If under such circumstances the deed in reliance upon which the advancement was made should be contested and adjudged invalid, Chauncey M. Lockwood might justly claim to be subrogated to the rights of the mortgagees whose liens his money had discharged, and on the facts as they are disclosed by the record he would be entitled to a decree of foreclosure.

The complainant should have the relief sought, with the costs of both courts.

The other Justices concurred.