LOTTIE G. REED, APPELLANT, V. ROBERT B. MORTON
ET AL., APPELLEES.

1. **Husband and Wife:** DEED OF WIFE. Where a wife executes a deed of her real estate, leaving the name of the grantee, the amount of consideration, and the date blank, and delivers such deed to her husband for the purpose of enabling him to sell and convey said real estate, such deed duly filled up in the hands of a *bona fide* grantee, who purchased the land from the husband and paid the consideration therefor, will be sustained.

2. ——: ——. Where a wife executes a deed in blank as to the name of the grantee, and in other respects, and delivers such deed to her husband to sell and convey her real estate therein described, and the husband thereafter sells said real estate and fills the blanks in said deed and delivers said deed to the grantee, and the wife knowingly uses a part or all of the consideration received therefor in her business, she will thereby ratify the sale and conveyance.

APPEAL from the district court of Saunders county. Heard below before POST, J.

*S. H. Sornborger,* for appellant, cited : 1 Devlin Deeds, Sec. 111, notes 4 and 5, and cases cited. *Simms v. Hervey,* 19 Iowa, 273.

*N. H. Bell* and *G. W. Sampson,* for appellees, cited: *White v. Graves,* 107 Mass., 325. *Garland v. Wells,* 15 Neb., 299. *Swartz v. Ballou,* 47 Iowa, 188. *McLain v. McLain,* 52 Iowa, 272. Bigelow Estoppel, 513.

MAXWELL, J.

This is an action brought by the plaintiff to quiet the title of certain real estate in Saunders county, of which she claims to be the owner.

The defendant in his answer alleges, " That on or about the 20th day of August, 1881, he purchased from the

plaintiff, Lottie G. Reed, and E. O. Reed, her husband, the lands mentioned and described in the plaintiff's petition, for the sum of nine hundred dollars in cash, which said sum defendant duly paid therefor. That at the time of said purchase as aforesaid, and the payment of the said nine hundred dollars, plaintiff and E. O. Reed delivered to this defendant their deed of general warranty to said lands, duly signed and acknowledged, and defendant took possession of said lands. That at the time of the purchase of said lands by this defendant the same was raw, uncultivated prairie land, without improvements of any kind, and were not worth to exceed the sum of nine hundred dollars, which was a reasonable and fair price therefor. That prior to the time of the purchase of said lands above described, and during negotiations for the purchase of said lands by this defendant, the said E. O. Reed, as agent for plaintiff, was conducting negotiations, and exhibited to the defendant a deed of conveyance, duly signed and acknowledged, containing the usual covenants of warranty, and complete in all respects, except the name of grantee, the date of signing, and the amount of consideration, and that at said time and for a long time prior thereto the said E. O. Reed, as agent for Lottie G. Reed, transacted all her business, and negotiated the purchase of said lands, apparently having full and complete authority in the premises; and that at the time of the purchase of said land and the payment of the consideration of nine hundred dollars therefor, the deed delivered to this defendant was signed by the grantors, Lottie G. Reed and Elias O. Reed, duly acknowledged by them, and was a perfect and regular deed in all respects.

"Defendant further says that, subsequent to the execution and delivery of the deed and the payment of the nine hundred dollars as hereinbefore set forth, and about September, 1881, the plaintiff removed and became a resident of Wahoo, Saunders county, Nebraska, where she continued to reside and do business until about November, 1883.

During all the time plaintiff so resided in Wahoo, as aforesaid, this defendant was in the continuous and exclusive possession of the land hereinbefore described, paid all the taxes against said land, and made lasting and valuable improvements thereon.

"Defendant avers that plaintiff had full knowledge of all the facts aforesaid, and permitted defendant to expend large sums of money in the improvement of said lands, and made no objection to his so doing, nor any claim whatever to said land; but has received and accepted the proceeds of the same thereof, as hereinbefore set forth, and has ever since kept and retained the same, and has not at any time offered to restore the purchase price of said land to this defendant, or any part thereof; and defendant avers that the plaintiff, knowing all the facts in relation to the sale of said land, the execution and delivery of the deed, the occupancy of said land as aforesaid, and having accepted the purchase price of said land, and repeatedly acknowledged herself satisfied with the sale, is now in equity estopped from claiming any interest in or to the said land."

On the trial of the cause in the court below judgment was rendered in favor of the defendant, and the action dismissed. The plaintiff appeals.

The testimony tends to show that, in the year 1879, the plaintiff was the wife of Elias O. Reed; that at that time they were conducting a drug store in the state of Illinois. In that year E. O. Reed came to Saunders county in this state, and purchased the land in controversy, taking the title in the name of his wife—the plaintiff. He then returned to Illinois. In the spring of 1881 the plaintiff and her husband were conducting a drug store in Illinois, the business being carried on in the name of the wife, and she being desirous of visiting one of the southern states went with her husband before a notary public, and there acknowledged a deed for the conveyance of real estate, the amount of consideration, name of the grantee, and date being left blank. This deed she delivered to her husband

as is claimed for the purpose of passing the title to this land. Soon afterwards the husband sold the land in question to the defendant for the sum of $1,000 cash in hand, and thereupon he filled up the blanks and delivered the deed to the defendant. In the autumn of 1881 the plaintiff and her husband removed to Wahoo, in this state, and there opened a drug store, which was conducted in her name. She denies having any knowledge of the sale of the land prior to her arrival at Wahoo, but the testimony all shows that she was informed of that fact soon after her arrival. There is also a considerable amount of testimony tending to show that a large part or all of the consideration for the land was used by her in carrying on the drug business in Wahoo. The testimony tends to show that she made admission of that fact during the first year of her residence in that city, and in her testimony she does not deny having made such statements, but says in substance that she does not remember. This is very far from denying the statements imputed to her. If she used any of this money with knowledge that it was derived from the sale of this land she thereby ratified the sale. In addition to this, where a wife executes a deed in blank as to the grantee, etc., and delivers it to her husband, under circumstances which imply authority in him or such person as he may authorize to insert the name of the grantee, etc., therein, she will be bound thereby. So of the date or amount of consideration. *Inhabitants, etc. v. Huntress*, 53 Me., 89. *Cooper v. Page*, 62 Me., 194. *Devin v. Himer*, 29 Iowa, 297. *Field v. Stagg*, 52 Mo., 534. 14 Am. Rep., 435. *Van Etten v. Evenson*, 28 Wis., 33. 9 Am. Rep., 486. *Sebintz v. McManamy*, 33 Wis., 299.

In any view of the case, therefore, the judgment of the court below is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.