## ORMSBY v. JOHNSON.

The presumption is, with no showing to the contrary, that the grantee's name left blank in a deed when executed, but thereafter inserted, was filled in by that person authorized in writing to do so.

Notwithstanding authority to insert the grantee's name in a deed left blank when executed must be in writing, yet grantors accepting the consideration therefor are estopped to question the validity of the deed as against grantee.

(Opinion filed, Jan. 12, 1910.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by Thomas J. Ormsby against Charles A. Johnson From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*Schrader & Lewis*, for appellant. *Buell & Gardner*, for respondent.

WHITING, P. J. This action was brought by the plaintiff and appellant against the defendant and respondent for the purpose of quieting title to a quarter section of land in Pennington county, S. D. Plaintiff alleges that he is the owner in fee of said land, and that the defendant wrongfully claims title under and by virture of a pretended warranty deed executed and delivered by Owen Pitts and wife to the defendant in July, 1900, that Pitts and wife never executed or delivered to the defendant the said deed, and that the record thereof is a cloud on plaintiff's title. Plaintiff seeks to be declared the owner in fee of said land and to have the deed to the defendant delared void, and the record thereof canceled. Defendant, answering, denies the allegations of the complaint, except that he admits claiming title by virtue of the deed from said Pitts and wife, and alleges that said Pitts and wife on July 3, 1900, were the owners of said land and conveyed the same to the defendant by warranty deed, and that the deed received by plaintiff was received after the recording of the defendant's deed and with full knowledg thereof. Defendant further alleges that the purchase price has been retained by Pitts and wife, and that the defendant, after receiving such warranty deed, has relinquished the land to the United States government for the purpose of making lieu selection of

government lands in Oregon. Defendant seeks to have title quieted in him. Plaintiff, replying, denies the allegations of the answer, except as such allegations are admitted in the complaint, and alleges that the government has never accepted the relinquishment of said land. The cause was tried to the court without jury, and the court made findings of facts and conclusions of law favorable to the defendant, and entered judgment thereon. The plaintiff moved for a new trial, which motion was denied, and he appeals to this court from the judgment of the trial court and from the order denying a new trial.

The court's findings were to the effect that Pitts and wife were the owners of the land on July 3, 1900, and on that date signed and acknowledged a warranty deed containing full covenants of warranty and describing the land in question; that the grantee of said deed was left blnak when the deed was signed; that said deed so signed and acknowledged was left with O. L. Cooper to be by him sent to S. A. Kean of Chicago; that said Kean was duly authorized to fill in the name of the grantee in said deed, and, when the said deed should be so completed, said Kean was duly authorized to deliver it in its completed form for and on behalf of said grantors; that prior to the delivering the deed the name of defendant was inserted by Kean, and the deed was delivered to defendant upon his payment of $3.90 per acre; that defendant accepted said deed without knowledge that the same had been executed with grantee's name therein left blank; that Pitts and wife received and accepted from their agents, Cooper and Kean, $525 in cash, which they have retained and still retain; that such deed was recorded September 13, 1900; that January 9, 1907, Pitts and wife by warranty deed deeded premises to the plaintiff, which deed was recorded, but no consideration was paid by plaintiff to Pitts and wife or either of them until in September, 1907; that this action was commenced in March, 1907, and the defendant served his answer herein on or about April 20, 1907; that plaintiff at the time he received his deed had actual knowledge of the prior conveyance; that the defendant relinquished said lands to the United States for the purpose of selecting in lieu thereof vacant public lands, and his application for such exchange is still pending.

Appellant strenuously contends that the evidence did not warrant the court in finding that "Kean was duly authorized to fill in the name of the grantee in said deed"; that "S. A. Kean was duly authorized to deliver said deed in its complete form for and on behalf of said grantors"; that "defendant accepted the said deed without knowledge that the same has been executed with the grantee's name therein left blank"; that "the deed was left with Cooper to be by him sent to Dean"; or that Cooper and Kean were agents for Pitts and wife. It appears without dispute that on July 3, 1900, Cooper was engaged in the business of purchasing patented lands situated within the Black Hills forest reserve, and in transferring same to parties desiring to purchase such lands in order that they might convey same to the United States and be allowed to take in lieu thereof timber lands as provided by law; that S. A. Kean, located at Chicago, was engaged in negotiating such deals, and he appears to have been a middleman through whom Cooper worked in making many of his deals, Cooper passing the necessary papers through Kean, but Cooper having frequently no knowledge to whom the lands were to go; that the Oshkosh Land & Timber Company (hereinafter described as the Timber Company) was a corporation located at Oshkosh, Wis., and engaged in making purchases of lands in forest reserves for the purpose of exchanging same for selected lieu lands; that in the transaction involved in this action defendant was a mere dummy in whose name this land was taken for and on behalf of the timber company, which company advanced the purchase price and was the real party in interest; that on July 3, 1900, Pitts and wife entered into a deal with Cooper to sell the land in suit for $525, and in furtherance thereof executed a blank deed; that said deed with such papers, if any, as accompanied the same, were deposited in the Pennington County Bank, which forwarded them to the Continental National Bank of Chicago, which bank forwarded such deed with accompanying papers, if any, to the Commercial National Bank of Oshkosh, Wis., for delivery to the purchaser of the land; that one Daily was the vice president of such bank and also secretary of the timber company, and that he, for and on behalf of the timber

company and defendant, attended to the business of receiving the deed and paying therefor; that defendant's name as grantee, as well as his residence, was written into the deed after it left possession of Pitts and wife; that the $525 was transmitted from the bank in Oskosh through the Chicago bank to the Pennington County Bank, and by it paid to Pitts and wife some time after July 3, 1900.

It will thus be seen that the above findings excepted to by appellant might become very essential in determining the rights of the parties herein. If the deed was filled in by a party duly authorized, then certainly the judgment should be affirmed. If such deed was not filled by a party duly authorized, then it was never the deed of Pitts and wife, and defendant has no rights herein unless defendant acquired some right or title by virtue of being an innocent purchaser without notice, or unless Pitts and wife, and through them the plaintiff, were estopped owing to the fact that Pitts and wife had received and retained the consideration for such blank deed. There can be no contention but that the plaintiff is in no better position than would Pitts and wife be if they were plaintiffs in this action.

After a very careful consideration of the evidence, we are unable to find therein sufficient to warrant the court in finding Kean authorized to fill in the blanks in the deed, or that he, in fact, did so fill in the deed. But we are confronted with one of two situations—either Pitts and wife did execute writings authorizing the filling in of the blanks or else they did not, and they were cognizant of which was the true situation. If such an authority was in fact given, then it must be presumed, with no showing to the contrary, that such authorized agent filled in the deed. If Pitts and wife sent forth the deed in blank without authority in any one to fill in blank, they knew of this fact when they received the money, and, if they did not desire to recognize such instrument or any equitable rights in the party who paid this money or for whom it was paid, they were bound to refuse to receive the money. Upon their receipt of this money an equitable interest in this land vested in the defendant, Pitts and

Vol. 24 S. D. 32.

wife becoming trustees of the legal title for such defendant, and plaintiff is now the holder of the legal title as such trustee. While nothing short of a filling of the blanks by one duly authorized could render the deed a valid instrument and convey the legal title (Upton v. Archer, 41 Cal. 87, 10 Am. Rep. 266), yet one may be estopped to question another party's claim to the legal title even where there has been no transfer of same, but where the holder thereof has accepted a consideration that he could not equitably take except in the view that he had transferred such title to the party who parted with such consideration. The fact that under the laws of this state an agent must hold written authority to act for his principal in order for such principal to be bound by his acts in no manner changes the equitable rules regarding the effect of the acts of the party himself, and a person under our laws cannot take the benefits flowing from a transaction and retain them for a long period of years, and deny the validity of the transaction. In Jones v. Bliss, 48 Minn. 307, 51 N. W. 376, it was said: "The deed was invalid, not because it was illegal but because of the wife's incapacity. But this did not prevent him from accepting, adopting and acting upon what she had done. The title did not pass, but upon the facts found there is sufficient in the conduct of Jones to estop him from denying that the defendant is the equitable owner of the premises." And in Duncan v. Hodges, 4 McCord (S. C.) 239, 17 Am. Dec. 734, the court says: "And admitting that the deed, on account of the manner of its execution and the informality of the delivery, was void, yet the plaintiff is bound by his subsequent assent to the execution, manifested by his accepting and claiming the benefit of the contract growing out of it, and he will not be permitted to gainsay or controvert it." The same proposition was held by the following in Smith v. Lusk, 119 Ala. 394, 24 South. 256: "On these facts, the conveyance of the legal title to Smith was void. * * * But the receipt and retention by the heirs of the purchase money bid and paid by Smith estops them to assert their legal title against his equity, even though they may be non sui juris." See, also, Baker v. Bartol, 7 Cal. 551; Reed v. Morton, 24 Neb. 760, 40 N. W. 282, 1 L. R. A. 736, 8 Am. St. Rep. 247; 2 Cyc. 171-172; 16 Cyc. 787-791.

It becomes unnecessary to consider the assignments of error presented in the record, as they all go to matters immaterial under our views of the effect of the admitted facts.

The judgment of the trial court and order denying a new trial are affirmed. .