[File No. 6981]

HELMAR R. HANSON, Agnes E. Hanson, Appellants, v. L. C. HULETT, Nellie L. Hulett, Respondents.

(22 NW2d 209)

Opinion filed February 4, 1946.  Rehearing denied April 11, 1946

*W. H. Stutsman,* for appellants.
*Sullivans, Fleck & Higgins,* for respondents.

MORRIS, J.   This is an action to set aside a deed to residence property in the City of Mandan upon the ground that the conveyance was obtained by fraud and deceit.  The deed is dated May 27, 1941, and the name of Nellie L. Hulett now appears therein as grantee.  The plaintiffs appeal from a judgment dismissing their cause of action and demand a trial de novo.

In October, 1940, the plaintiffs purchased the property in question from R. O. Rea for $5000.  As a part of the negotiations for the sale, a loan was obtained from the First Federal Savings and Loan Association of Bismarck for $4000.  The difference was to be paid in cash by the Hansons but they were able to raise only $700.00 which was paid Rea.  The remaining $300.00 became an unsecured debt.  The monthly payments to the Loan Association were $90.33, which included amortization of the principal as well as interest and taxes, and were scheduled to pay off the mortgage in five years.  Four payments were made, the last being March 1, 1941.  Due to a drastic reduction in their income the Hansons were unable to continue payments

on their mortgage and they also failed to pay Rea the balance they owed him on the purchase price.

The defendant, L. C. Hulett, was a Director of the Loan Association and was a friend of Mr. Rea. In the Spring of 1941 Rea, who had left the State, secured the services of Mr. Hulett to collect the $300.00 that the Hansons still owed on the purchase price. Negotiations regarding this payment and the possibility of turning the property back to Mr. Rea continued over several weeks and culminated on May 27, 1941, in the execution of a deed by the Hansons with the grantee therein in blank. The deed was left with L. C. Hulett, who later inserted therein the name of Nellie L. Hulett, his wife, as grantee.

The Hansons claim that they thought they were executing a deed to the Loan Association with the hope that they would be able to repurchase the property. They deny knowing that the name of the grantee was left blank. Hulett, on the other hand, contends that he told the Hansons at the time of the execution of the deed that the name of the grantee was left blank and that if Mr. Rea would take the property back his name would be inserted as grantee; that if Rea would not accept a return of the property Hulett would take it over, pay off Rea and would insert the name of Nellie L. Hulett as grantee.

At the time the deed was given it was agreed that the Hansons might continue to occupy the premises until July 1st. After that date they continued their occupancy as tenants and paid Hulett rental of $45.00 a month. They continued to pay rent for thirty-seven months.

Immediately upon obtaining the deed Hulett wrote to Rea offering the property back to him upon payment of the past due loan installments, taxes and a charge of $100.00 for Hulett's services. If Rea did not want the property back Hulett offered to take it over and to remit $200.00 in full settlement, keeping $100.00 as the fee for his services. Rea did not want the property back so Hulett inserted the name of his wife, Nellie L. Hulett, in the deed and had it recorded in the office of the Register of Deeds on June 12, 1941. On August 14, 1944, Nellie L.

Hulett gave a quitclaim deed to L. C. Hulett, her husband. The trial court found that:

"On or shortly before May 27th, 1941 it was agreed that Hulett would accept from the Hansons a deed to the property with the name of the grantee in blank and that he would offer the said deed to Rea and that if Rea would accept it Hulett should insert Rea's name as grantee in the deed and it was further agreed that if Rea was not willing to accept the property back in discharge of the $300.00 debt that Hulett could insert his own name or that of his wife as grantee in the deed and would assume the payment of the $300.00 debt to Rea, and that in either event the delivery of the deed by the Hansons was to relieve them from further liability on the $300.00 debt.

"On May 27th, 1941 pursuant to the said agreement the plaintiffs executed a warranty deed upon the said premises with the place for the grantee's name in blank and delivered it to the defendant Hulett, and received from Hulett a receipt which recited 'Tenancy allowed to July 1st, 1941' signed 'R. O. Rea by L. C. Hulett,' and which acknowledged the receipt of the deed."

The testimony is in sharp conflict as to what occurred at and immediately previous to the signing of the deed. The court heard and saw the witnesses and chose to accept Mr. Hulett's version of what occurred. His determination in this respect is entitled to appreciable weight. Mr. Hanson testified that he did not know the deed was executed in blank until shortly prior to the beginning of this action. He understood that it was being given to the Loan Association. In this he is corroborated by Mrs. Hanson. Hulett, on the other hand, testified that before Mr. and Mrs. Hanson signed the deed he told them that the name of the grantee was left blank and that if Mr. Rea did not want to take the property over Hulett would take it, and in that event his wife's name would be inserted in the deed as grantee.

Mr. Hanson says that in a conversation with Hulett some days before the deed was signed they talked about deeding the property over to the Loan Association. He denies that Hulett said that he would take over the property personally. The Hansons do not testify that there was any agreement with ei-

ther Hulett or the Loan Association that the property was to be deeded to the Association or that they were ever told that the Association was named as grantee in the deed. They merely testified that they did not read the deed and that they understood that they were giving a deed to the Association.

The question of whether parol authority is sufficient to authorize an agent to fill in the name of the grantee after execution and before the delivery of a deed has been answered differently in various jurisdictions. In view of the seeming conflict of authority we pass to another question which is determinative of this case in any event, the question of estoppel. The trial court found that the plaintiffs are now estopped to question the validity of the deed and that they ratified it for the following reasons: they acknowledged the relationship of landlord and tenant by living in the premises rent free in accordance with the agreement between the parties at the time the deed was delivered and without asserting any rights to the premises until July 1, 1941, and by paying rent to the defendant thereafter for thirty-seven months at the rate of $45.00 per month; such payments were made to the defendant individually; payments were made after admitted knowledge that Nellie L. Hulett was named grantee in the deed; the plaintiffs from time to time during the period of tenancy requested that repairs be made and the defendant, with the knowledge and approval of the plaintiffs, trimmed the trees on the property, repaired the walk, chimney and drain and furnished the plaintiffs with aluminum paint for the radiators in the house; the plaintiffs accepted the benefits of the payment by Hulett to Rea of the plaintiffs' debt of $300. It further appears in the record that the defendant has paid the Loan Association in full, the last payment being made September 1, 1941. The mortgage securing the loan has been satisfied.

The South Dakota Supreme Court in Lund v. Thackery, 18 SD 113, 99 NW 856, under a statute identical with ours (§ 5511, Comp Laws ND 1913) held that an agent could not be given authority by parol to insert the name of a grantee in a deed after its execution but that such authority must be in writing.

In the later case of Ormsby v. Johnson, 24 SD 494, 124 NW 436, the Supreme Court of South Dakota said:

"While nothing short of a filling of the blanks by one duly authorized could render the deed a valid instrument and convey the legal title (Upton v. Archer, 41 Cal 87, 10 Am Rep 266), yet one may be estopped to question another party's claim to the legal title even where there has been no transfer of same, but where the holder thereof has accepted a consideration that he could not equitably take except in the view that he had transferred such title to the party who parted with such consideration. The fact that under the laws of this state an agent must hold written authority to act for his principal in order for such principal to be bound by his acts in no manner changes the equitable rules regarding the effect of the acts of the party himself, and a person under our laws cannot take the benefits flowing from a transaction and retain them for a long period of years, and deny the validity of the transaction."

In Lockwood v. Bassett, 49 Mich 546, 14 NW 492, it is said that:

"Even if the blank were filled up after delivery, the grantor, if he claimed the benefit of accompanying and related contracts, would thereby make the deed as completed his own, and preclude himself from objecting to the invalidity afterwards."

See also Reed v. Morton, 24 Neb 760, 40 NW 282, 1 LRA 736, 8 Am St Rep 247; Duncan v. Hodges, 15 SCL (4 McCord) 239, 17 Am Dec 734. It is clear that regardless of the effect of the insertion of the name of the grantee in the deed under parol authority, the plaintiffs' conduct in accepting the benefits amounts to a ratification and recognition of the deed as a conveyance of title. They are now precluded from questioning the validity of the deed. Their application to have it set aside must be denied.

The defendant L. C. Hulett in his answer to the amended complaint seeks affirmative relief. He asks that his title to the premises be quieted as against the claims of the plaintiffs. Since the plaintiffs, by their conduct, have precluded themselves from asserting title to the premises as against the defendant it is

proper that the judgment afford the defendant the affirmative relief which he seeks. Sexton v. Sutherland, 37 ND 500, 164 NW 278; Johnson v. Erlandson, 14 ND 518, 105 NW 722; Patterson Land Co. v. Lynn, 27 ND 391, 147 NW 256. We reach the same ultimate result as did the trial court. The defendant L. C. Hulett is entitled to have judgment entered quieting title in him as against the plaintiffs.

CHRISTIANSON, Ch. J., and BURKE, BURR and NUESSLE, JJ., concur.