STATE OF MAINE
AROOSTOOK, SS.

MAINE SUPERIOR COURT
LOCATION: CARIBOU
CIVIL ACTION
DOCKET NO: CARSC-RE-15-032

U.S. Bank National Association, not in its
individual capacity but solely as trustee for
the RMAC Trust, Series 2016-CTT,
a banking company duly organized and
existing having a place of business in St. Paul, MN,

            Plaintiff

                                                ORDER
                                             REGARDING
                                          ATTORNEY FEES
                                       (AMENDED MAY 16, 2018)

            VS.


Megan L. Carney,
of Washburn, Aroostook County, Maine,

            Defendant
And

Cary Medical Center,
of Portland, Maine,

            Party-In-Interest            TITLE TO REAL ESTATE IS INVOLVED


Before the Court is Defendant's Motion for Award of Legal Fees. .

14 M.R.S.A. §6101 provides in pertinent part:

> If the mortgagee does not prevail, or upon evidence that the action was not brought in good
> faith, the court may order the mortgagee to pay the mortgagor's reasonable court costs and
> attorney's fees incurred in defending against the foreclosure or any proceeding within the
> foreclosure action and deny in full or in part the award of attorney's fees and costs to the
> mortgagee.

Defendant clearly prevailed in this matter. Defendant's claim for attorney fees is timely pursuant

to M.R.Civ. P. 54(3). And also relevant is that this action was the Plaintiff's third foreclosure

action brought against the Defendant. Looking at the litigation history as a whole, an award of

attorney fees is appropriate. *Homeward Residential, Inc. v. Gregor,* 165 A.3d 357 (Me.2017).

Accordingly, pursuant to 14 M.R.S.A. § 6101, $4,000.00 in fees and costs are ordered to be paid by Plaintiff to Defendant and her counsel.

Pursuant to M.R.Civ.P. 79(a) the clerk shall incorporate this Order by reference in the docket.

Dated: May 16, 2018

Justice, Superior Court

STATE OF MAINE                                    MAINE SUPERIOR COURT
AROOSTOOK, SS.                                       LOCATION: CARIBOU
                                                          CIVIL ACTION
                                          DOCKET NO: CARSC-RE-15-032

U.S. Bank National Association, not in its
individual capacity but solely as trustee for
the RMAC Trust, Series 2016-CTT,
a banking company duly organized and
existing having a place of business in St. Paul, MN,

              Plaintiff                              ORDER
                                                   REGARDING
                                               ATTORNEY FEES


              VS.


Megan L. Carney,
of Washburn, Aroostook County, Maine,

              Defendant
And

Cary Medical Center,
of Portland, Maine,

              Party-In-Interest          TITLE TO REAL ESTATE IS INVOLVED


Before the Court is Defendant's Motion for Award of Legal Fees. For the following reasons,
Defendant's motion is denied.


The Decision and Order that Plaintiff's Complaint for Foreclosure be dismissed with prejudice
was entered and docketed January 17, 2018. That order made no provision for attorney fees, nor
was the issue of fees reserved, as Defendant had not previously made a request for an award of
fees. There was no evidence at trial regarding Defendant's fees nor was there any mention of
requesting fees in Defendant's written post-trial arguments. Furthermore the Court has not found
any pre-judgment pleadings in which Defendant was making a request for an award of fees.

14 MRSA §6101 does allow for an award of attorney fees in favor of a prevailing mortgagor, and the Defendant clearly prevailed in this action. Section 6101 does not however provide any procedural guidance for the making of such awards. M.R.Civ. P. 54(2) states: *In an action in which there is a claim for attorney fees, a judgment entered on all other claims shall be final as to those claims unless the court expressly finds that the claim for attorney fees is integral to the relief sought.*

As stated, Defendant did not make a claim for attorney fees, so the judgment is final. Assuming however a claim had been made or otherwise reserved, pursuant to M.R.Civ.P. 54(3), *..an application for the award for attorney fees shall be filed within 60 days after entry of judgment if no appeal has been filed.* No appeal was filed in this case. The judgment was docketed January 17, 2018. Hence the deadline to apply for fees was March 19, 2018. Defendant's Motion (Application) for Fees was filed with the Court on March 26, 2018. Being untimely, and again no prior request for an award of attorney fees being made, the Defendant's motion for an award of attorney fees is denied.

Pursuant to M.R.Civ.P. 79(a) the clerk shall incorporate this Order by reference in the docket.

Dated: April 7, 2018

_____
Justice, Superior Court

STATE OF MAINE
AROOSTOOK, SS.

MAINE SUPERIOR COURT
LOCATION: CARIBOU
CIVIL ACTION
DOCKET NO: CARSC-RE-15-032

U.S. Bank National Association, not in its
individual capacity but solely as trustee for
the RMAC Trust, Series 2016-CTT,
a banking company duly organized and
existing having a place of business in St. Paul, MN,

        Plaintiff

        VS.

Megan L. Carney,
of Washburn, Aroostook County, Maine,

        Defendant
And

Cary Medical Center,
of Portland, Maine,

        Party-In-Interest

DECISION AND ORDER
REGARDING
PLAINTIFF'S COMPLAINT
FOR FORECLOSURE

TITLE TO REAL ESTATE IS INVOLVED

On or about September 30, 2015 Nationstar Mortgage LLC filed a civil complaint against Megan

Carney (hereafter Defendant) seeking foreclosure of mortgage pursuant to 14 M.R.S. §6322

regarding property at 19 Story Street in Washburn, Maine.[1] On September 20, 2017 U.S. Bank

---

[1] This is the third foreclosure action initiated by Nationstar Mortgage, LLC against the
Defendant. On September 23, 2013 Nationstar filed an action which was dismissed pursuant to
its own motion due to Defendant becoming current on the mortgage.(See Docket No. CARDC-
RE-2013-17). On April 25, 2014 Nationstar filed its second foreclosure action which was
dismissed without prejudice due to the court's finding that Nationstar did not have standing
based on *Greenleaf.* (See Docket No. CARDC-RE-14-12).

1

National Association (hereafter Bank) was substituted as Plaintiff. A bench trial on the Bank's Complaint for Foreclosure was held November 2, 2017. At trial the bank proffered John Palumbo of Rushmore Loan Management Services as its witness qualified to testify about the business records of the various entities involved. Of note is that Mr. Palumbo has at various times worked either as an employee or as a contractor for the three servicers of the mortgage in question, which include Bank of America, Nationstar, and Rushmore Loan Servicing. Mr. Palumbo demonstrated a knowledge of the regular business practices of each servicer related to record keeping and also the onboarding and integration process when loans are transferred or assigned. And Mr.Palumbo more specifically demonstrated familiarity and knowledge of the method of recording payments, and producing and interpreting payment histories relative to each provider. Accordingly, the Court finds that in general Mr. Palumbo is a witness qualified to lay a proper foundation to admit the business records, including integrated business records per the requirements of M.R.Evid.803(6) and *Beneficial Me. Inc. v. Carter.* See *Key Bank Nat'l Ass'n v. Estate of Quint,* 2017 ME 237[2].

At trial the Bank offered the following exhibits which were admitted *de bene* subject to various objections preserved by the Defendant:

A. Copy of Promissory Note dated July 23, 2008 from Defendant to Lender, TD Bank, N.A[3].;

B. Mortgage dated July 23, 2008 from Defendant to Mortgage Electronic Registration

---

[2] Note however, as will be more thoroughly discussed *infra,* Mr. Palumbo is not able to specifically provide the foundation for two of the assignments in the chain of ownership of the mortgage.

[3] The original Promissory Note was provided at trial for inspection but by agreement was retained by the Bank.

2

Services, Inc. (MERS) as nominee for Lender regarding property at 19 Story Street in Washburn, Maine and recorded at SDARD Bk. 4605, p. 290;

C.  Assignment of Mortgage dated March 19, 2012 from MERS to Bank of America, N.A. successor to Countrywide Home Loans Servicing, L.P.;

D.  Corporation Assignment of Mortgage dated January 23, 2013 from Bank of America, N.A. to Nationstar Mortgage LLC;

E.  Quitclaim Assignment dated June 23, 2015[4] from TD Bank, N.A. to Nationstar Mortgage LLC;

F.  Assignment of Mortgage dated November 8, 2016 from Nationstar Mortgage LLC to Secretary of Housing and Urban Development;

G.  Assignment of Mortgage dated February 6, 2017 from Secretary of Housing and Urban Development to U.S. Bank National Association;

H.  Notice of Default and Right to Cure Letter dated August 21, 2015 from Nationstar Mortgage LLC to Defendant;

I.  Payment History;

J.  Itemization of Amounts Due; and

K.  Status Report Pursuant to Servicemembers Civil Relief Act.

The Defendant also testified at trial. At the conclusion of the proceedings the evidence was closed and the Court set a briefing schedule for parties' counsel to submit written arguments.[5]

---

[4] Defendant asserts this assignment is dated *after* the initiation of this foreclosure action, but that assertion is incorrect in that *this* action was commenced on September 30, 2015; see Fn.1.
[5] In its Sur-Reply Rebuttal dated December 22, 2017 Bank's counsel states that "..this Court gave leave to the Plaintiff to submit additional documents in rebuttal." That statement is incorrect. Although the Court invited written arguments, the evidence was closed at the

The court has received and reviewed written arguments from Plaintiff dated December 11 and December 22, 2017 and from the Defendant dated November 27 and December 21, 2017.

## DISCUSSION

For a judgment of foreclosure to be granted, there are eight required elements:

- the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

- properly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and the mortgage;

- a breach of condition in the mortgage;

- the amount due on the mortgage note, including any reasonable attorney fees and court costs;

- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;

- after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and

conclusion of the trial held November 2, 2017. The Court is unaware of a motion or request by the Bank to offer additional evidence and leave was never granted to submit additional documents or additional evidence.

4

• if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*Chase Home Finance LLC v. Higgins,* 2009 ME 136, ¶11.

In this case, the Bank has properly presented proof of ownership of the promissory note and the existence of a mortgage. (See Exhibits A and B; *Bank of America, N.A. v. Greenleaf,* 2014 ME 89, ¶21). But the Bank's proof of all assignments of the mortgage is problematic. The original Mortgage was granted to MERS as nominee for Lender, TD Bank. MERS' interest as nominee was properly conveyed and assigned to Bank of America, N.A., and then to Nationstar Mortgage LLC. (See Exhibits C and D). But those two assignments only conveyed those rights that MERS' had as nominee for Lender, which were limited to recording of the mortgage. *Bank of America, N.A. v. Greenleaf,* 2014 ME 89, ¶¶15,16.

The record does contain a document titled Quitclaim Assignment from TD Bank, N.A. to Nationstar Mortgage LLC which is dated June 23, 2015. (Exhibit E). However this document is executed by Nationstar Mortgage LLC as Attorney-in-Fact for TD Bank, N.A. The trial record does not contain any evidence of a power of attorney or other evidence, such as testimony from its witness, regarding Nationstar's legal authority to execute the assignment. And there is no evidence of a power of attorney in the trial record or filed at the registry of deeds.

When a power of attorney is utilized to convey or mortgage real estate, to be effective the power of attorney must be acknowledged by the principal as if it were a deed, and be recorded in the

5

registry of deeds. *Maine Real Estate Law and Practice, Second Edition*, §§10:10, 24:20 (2007). The authority to do an act must be conferred by an instrument under seal; a power to convey lands must possess the same requisites and observe the same solemnites as are necessary in a deed directly conveying the land. *Heath v. Nutter*, 50 Me. 378 (1862). As a mortgage is considered a conveyance, assignments of a mortgage are also conveyances, and require written execution and acknowledgement. *Maine Real Estate Law and Practice, Second Edition*, §§12:1, 13:2. Just as proof of the existence and recording of the power of attorney is required for the mortgage, so too for each assignment. See *JPMorgan Chase Bank, N.A. v. Brenday Choiniere-King*, LEWDC –RE-12-55 where the court denied admission of an assignment of mortgage executed by a power of attorney when the power of attorney was not properly before the court or admitted into evidence. See also 33 M.R.S. §353-A(4) and (5) which provides the mechanism to reconcile the defect of a missing power of attorney if the deed or instrument executed a by a power of attorney has been on record at the registry of deeds in excess of 20 years. Accordingly, Exhibit E is not admissible or relevant to establish the conveyance or assignment of the mortgage interest of TD Bank, N.A. The same deficiencies exist with respect to Exhibit G, which is an Assignment of Mortgage dated February 6, 2017 from Secretary of Housing and Urban Development to U.S. Bank National Association, but executed by Rushmore Loan Management Services, LLC as its Attorney-in-Fact. Again, there is no power of attorney properly included in the trial record, no testimonial evidence regarding Rushmore's legal authority, and no evidence of such a power of attorney being recorded at the registry of deeds.[6]

---

[6] The Court notes that Mr. Palumbo testified that a power of attorney existed which granted to Rushmore Loan Management Services LLC authority to act for The Secretary of Housing and Urban Development (HUD), but the actual power of attorney was not presented at trial nor were the specific types of authority established.

6

It is noted however that submitted with the Bank's Written Closing Argument dated December 11, 2017 is an Affidavit of Jaimee L. Ruccolo dated December 11, 2017 in which the affiant attempts to authenticate and introduce as evidence a Quitclaim Assignment from TD Bank, N.A. to Nationstar Mortgage LLC dated November 18, 2015 (labeled Exhibit A) and a Limited Power of Attorney executed by Secretary of Housing and Urban Development appointing Rushmore Loan Management Services LLC its agent (labeled Exhibit B). In its written argument, the Bank asserts this Quitclaim Assignment (Exhibit A) should be admitted into evidence and considered in lieu of the June 23, 2015 Quitclaim Assignment which was executed by an attorney in fact. And the Bank similarly asserts that the newly presented Limited Power of Attorney should be admitted into evidence and deemed to establish legal authority for Rushmore Loan Management Services LLC to execute the February 6, 2017 Assignment of Mortgage from Secretary of Housing and Urban Development. But there are several problems with accepting these new documents as part of the trial record.

First of all, the evidence was closed at the conclusion of the November 2, 2017 trial and the Bank has not filed a motion to reopen the evidence or sought leave to offer additional evidence. Second, the Affidavit of Jaimee L. Ruccolo is hearsay and is not a business record admissible as an exception to the hearsay rule pursuant to Rule 803(6). Which leads to the next problem, that Defendant was not provided an opportunity to object to the admission of either the November 18, 2015 Quitclaim Assignment or the Limited Power of Attorney or to cross examine the witness proffered by the Bank to introduce these documents.

7

Therefore, the Court refuses to accept into evidence or consider towards the merits of this foreclosure action the Affidavit of Jaimee L. Ruccolo, or the November 18, 2015 Quitclaim Assignment (Exhibit A) or the Limited Power of Attorney (Exhibit B). On the evidence and trial record properly before the court, all rights in the Mortgage other than the right to record remain with the original Lender, TD Bank N.A. The Bank has not demonstrated that it is the owner of the mortgage which is the subject of this action and therefore does not have standing. *Greenleaf,* 2014 ME 89, ¶¶9, 10, 12; *Howard Residential, Inc. v. Gregor,* 2015 ME 108, ¶ 21; That leads to the conclusion that the Bank's foreclosure action must be dismissed.

A dismissal of a foreclosure action due to lack of standing should usually be *without prejudice.* *Gregor,* 2015 ME 108, ¶24; *U.S. Bank N.A. v. Curit,* 2016 ME 17, ¶ 10; *Fed. Home Loan Mortg. Corp. v. Michaud,* 2017 Me. Unpub. LEXIS 36. But if the documents which the Bank improperly attempted to introduce by the Affidavit of Jaimee L. Ruccolo are accurate, it appears the Bank is the owner of the mortgage and has standing; in other words this is a situation where the Bank simply failed to prove its case at trial. In such a circumstance, a dismissal with prejudice could be warranted. *Wilmington Sav. Fund Soc'y v. Joyce,* 2016 Me. Super. LEXIS 149. The Court is concerned that a dismissal *without prejudice* allows the Bank or some other entity yet another chance to prove its case, or in the parlance of golf, a *mulligan.* See *Fannie Mae v. Deschaine,* 2017 ME 190, ¶34. Despite this Catch 22, the guidance from *Gregor* and *Halfacre* seem to dictate that dismissal without prejudice is the only outcome if on the record before the court there is no standing.[7] However, a distinction exists between a mortgagee who does not

---

[7] Despite the Defendant's invitation to rule on whether the Bank had met its burden of proof regarding the Notice of Right to Cure and the amount due, the court cannot decide the merits of the case when a plaintiff lacks standing.

have standing versus a mortgagee who has standing but has failed to prove it at trial.

This is the Bank's third attempt to foreclose the same mortgage. The second attempt filed in 2014 was dismissed for lack of standing. On the trial record before the Court, for the reasons discussed, the Bank has again failed to prove standing. Yet the Bank still asserts it has standing. According to the Affidavit of Jaimee L. Ruccolo which the Bank submitted after trial, the Bank does have standing. The Quitclaim Assignment recorded at SDARD Bk. 5497, p. 107 attached to the Affidavit as Exhibit A resolves the defects due to the lack of a power of attorney for the Quitclaim Assignment recorded at SDARD Bk. 5441, p. 335 (Ex E). And per the Ruccolo Affidavit, HUD had given Rushmore Loan Management Services a Limited Power of Attorney to execute on its behalf an assignment of mortgage (See Exhibit B to the Affidavit) which would resolve the deficiency with the final assignment in the chain recorded at SDARD Bk. 5669, p. 228 (Ex. G).

Despite the evidence being closed, the Bank went to great effort to persuade the Court that it has standing. In essence, the Bank wants the Court to ignore all applicable Rules of Evidence and Rules of Procedure and allow evidence that it asserts is reliable. But the Court refuses to ignore these rules. The Bank had its opportunity to prove its case, but despite apparently having either possession or access to all of the needed evidence, it failed to produce that evidence at trial. Despite the existence of standing, at least per the Affidavit, the Bank failed to meet its burden of proof at trial. So, this is a case where the mortgagee cannot be afforded yet more attempts to try to prove its case. A dismissal without prejudice is not appropriate.

9

The entry is: Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT's complaint against Megan L. Carney is DISMISSED WITH PREJUDICE.

Pursuant to M.R.Civ. P. 79(a), the clerk is directed to incorporate this Order by reference in the docket.

Dated: January ___, 2018

Justice, Superior Court

| | | | Attorney | Party | Representation Type | Representation Date |
|---|---|---|---|---|---|---|
| ⊘ | ☑ | ✉ | | | | |
| | ☑ | ✉ | Flagg, Jonathan | Us Bank Na - 4 Plaintiff | Retained | 09/20/2017 |
| | ☑ | ✉ | Mclaughlin, Eugene | Megan L Carney - 2 De... | Retained | 11/23/2015 |
| | ☑ | ✉ | Flagg, Jonathan | Nationstar Mortgage Ll... | Retained | 09/30/2015 |