## Frederick Hall and others v. Martin A. Nash and others.

Bill to foreclose a mortgage given to secure the payment by defendants of certain notes given by them, and which complainants had signed as sureties. Defense that complainants, under an instrument given them by defendants, empowering them to take and sell certain personal property to satisfy the notes, had taken and sold sufficient for that purpose. Under this issue it is competent for complainants to show that claim was subsequently made against them by the sheriff for the value of the property so taken by them, which he had attached on writs against the defendants, and that the sheriff had recovered the value in that suit. Such evidence disproves the defense set up.

An agreement given by principals to their sureties, by which, reciting that in order to save harmless their sureties, they agree to pay the demand secured within thirty days after it comes due, is not one of indemnity merely, and the sureties have a right of action upon it on the failure of their principals to make the payment.

In such action the sureties may recover the amount of the demand secured, whether they have paid it or not.

Where such an agreement is secured by mortgage, and suit is brought to foreclose the same before payment by the sureties, quere whether the Court will in any case see to the application of the money by the sureties. There is no occasion to do so, where it appears in the case that subsequent to the commencement of the suit the complainants have paid the demand secured.

*Heard May 27th. Decided June 6th.*

Appeal in Chancery from Ionia Circuit.

The bill was filed to foreclose a mortgage, which was given by Martin A. Nash and Hiram T. Barstow, as collateral to the following bond executed by them to complainants.

"Know all men by these presents, that we, Martin A. Nash and Hiram T. Barstow, of Ionia county, Michigan, are held and firmly bound unto Frederick Hall and Stephen F. Page, of the same place, in the penal sum of ten thousand dollars, to which payment well and truly to be made we bind ourselves, our heirs, executors and administrators, firmly by these presents. Sealed with our seals, and dated this 4th day of February, A. D. 1854.

*Whereas*, the above named Frederick Hall and Stephen F. Page have executed with us and delivered to Louis S. Lovell, administrator of the estate of John C. Ball, deceased, four promissory notes each of the sum of seventeen hundred

and thirty-eight dollars and fourteen cents, with interest, and dated this day; one payable in four months from date, one payable in eight months from date, one payable in thirteen months from date, and one payable in eighteen months from date, all of which said notes were in fact made for the purchase of a stock of goods, by us of the said Louis S. Lovell, administrator, as aforesaid. Now the condition of this bond is such that if we pay the above described notes each within thirty days after they severally become due, with the interest thereon, then this bond is  ., to be void, otherwise to be in full force."

At the time of filing the bill, complainants had not paid the notes mentioned in the agreement, but it appeared from the papers submitted on the computation of the amount due, that they had made payment pending the suit.

The defense made in the case, and the evidence, are sufficiently shown by the opinions.

*Bell & Soule* and *C. I. Walker*, for complainants.

*W. W. Mitchell* and *M. Wisner*, for defendants.

CAMPBELL J.:

This is a bill to foreclose a mortgage collateral to a bond conditioned to pay, within thirty days from maturity, certain notes signed by complainants jointly and severally with Martin A. Nash and Hiram T. Barstow, who were principal debtors — complainants being sureties. The bill shows a default in payment. The defense rests` upon two grounds—first, that complainants have received from other securities and property belonging to Nash & Barstow, the full amount; and second, that the bond is one of indemnity merely, and no damage is alleged.

The first defense is, in substance, that Nash & Barstow gave complainants an instrument whereby they were empowered to take possession of a stock of goods, and to

raise the necessary amount by selling so many of them as were required. That while these goods remained the property of defendants, complainants took and sold enough to pay the debts. This defense is entirely disproved. It appears the instrument given was not a mortgage, but a mere naked authority. We had occasion to construe it in *Holmes v. Hall*, 8 *Mich.* 66. After Nash & Barstow had made an assignment, whereby they lost all ownership in the goods, the property was attached by their creditors. Complainants replevied it from the sheriff, but were compelled to respond to him for the value, because they had no interest which authorized them to take the goods from his possession. These facts negative the defense set up. They disprove it entirely, and are not merely in avoidance; and the objection made by the defendants that they are not pertinent to the issue is not well taken.

The bond is not a bond of indemnity, but is one conditioned to make payment of the notes within thirty days from their maturity. Such instruments have been so frequently construed and enforced that their effect is not an open question any where. They give an immediate right of action upon a breach, and the design seems to be to enable the surety to collect of the principal enough to pay the obligation. The latter can always avoid liability to the surety by paying the principal debt, and it would often be extremely unjust to leave a surety exposed to the change of circumstances of a principal for an indefinite period. The creditor can usually wait his own convenience, while the surety may be greatly embarassed by continued liabilities which he ought to be relieved from by the real debtor.

There is some force in the suggestion that the Court ought to see the money applied. But we find no authorities which establish such a rule. The debtor has distinctly agreed with his surety, and the latter can not, unless perhaps for special equitable reasons shown, be prevented

from receiving the money. If the principal distrusts him, he can pay the debt himself, as he ought to do at any rate. Without deciding that there are not cases where the Court will attend to the proper application of the money, we are very well satisfied that nothing in this case requires it. No such point is raised upon any allegation in the pleadings, and on the other hand it appears distinctly that complainants have taken up the notes. As it was a material question whether they continued in force, this testimony was not irrelevant, and, being in the case for other purposes, might properly be regarded upon any inquiry into the order to be made concerning the disposition of the fund, if such an inquiry is permissible upon proper averments. We are not called upon, therefore, to determine what control a court of equity may have over such matters, because no averment whatever could make its exercise proper in this case.

The decree must be affirmed, with costs.

MARTIN CH. J. and CHRISTIANCY J. concurred.

MANNING J.:

The bond is not one of indemnity merely. It is for the payment by Nash & Barstow of their own notes, on which Hall and Page were sureties, within thirty days after they should severally become due. The difference between such a bond and one of indemnity is, that the surety may pay the debt if it is not paid by his principal, and proceed to enforce the security to reimburse himself, without waiting till he is forced to pay it by the creditor, which he would have to do if the bond was one of indemnity only. The failure of the principal to pay at the day is a breach of the bond; but what are the damages of the surety for such breach? Are they, if he has not paid the debt, nominal merely? or are they the amount of the debt the principal is owing? It seems to me they are nominal and

nothing more; as payment to the surety would not discharge the debt of the principal, who would still be liable to his creditor. There are cases where the debt is the measure of damages. As where the promise is to pay a debt the promissee is owing to a third person. In such cases payment to the promissee would discharge the liability of the promissor, who could not be compelled to pay a second time by the creditor of the promissee; and whether the debt is afterwards paid or not by the promissee, is no concern of his, as he is made to pay no more than he promised to pay. I doubt however the applicability of this rule of damages in cases like the one before us. Nor is it necessary to apply it in the present case, as the notes were paid by the sureties before the decree was entered. I liken the bill in this respect to one for the foreclosure of a mortgage payable in instalments, in which an instalment falling due after the bill is filed, and before decree, is included in the decree.

I concur with my brother CAMPBELL on the other point made in the case, and I think the decree should be affirmed.