## Jesse G. Lindsley v. John A. Lamb.

*Deeds: Execution in blank: Grantee: Consideration: Description: Agency: Authority.* A blank deed executed in a foreign state, containing no name of grantee, no consideration, and no description of property, and which came in that condition into this state, where the blanks for grantee, price and description of property were filled in by some one not shown to have authority, in writing or otherwise, from the grantor, in the hands of one having notice of the facts, can have no force or validity as a conveyance of title.

*Submitted on briefs June 21. Decided October 10.*

Error to St. Clair Circuit.

*B. C. Farrand, C. R. Brown* and *W. T. Mitchell,* for plaintiff in error.

*A. E. Chadwick,* for defendant in error.

CAMPBELL, J:

This case presents but one question, relieved from the complications usually attending instruments like that in controversy.

The case finds that Avery W. Stowell, was a former owner of the lands in controversy in this suit, which is an ejectment suit, and that he resided during his life at Syracuse, in the state of New York, and died there in 1844, leaving a widow, now Louisa S. Norton, and one child and heir at law, Elizabeth P. Bradley, both residing in California in April, 1868.

On the 13th of April, 1868, these two persons, with their husbands, executed and acknowledged in California, before two witnesses and a Michigan commissioner, a blank quitclaim deed, containing no name of grantee, no consideration, and no description of property.

The deed came in that condition into the state of Michigan, but it does not appear in whose custody. Somebody, but who, or under what authority, does not appear, made a

bargain for the sale of the land in question, and filled in the blanks for grantee, price, and description of property. The grantee thus named was the plaintiff in error. The deed was recorded, but by whom or under what circumstances left for record does not appear. It was afterwards delivered by Mrs. Norton to the attorney for the plaintiff in error. This record was in September, 1868. The circuit court held that title was not made out by these facts.

The case is too bald to require discussion. If such a deed could become operative under our statute, which requires an agent's authority to be in writing, it could only be by estoppel. There can be no deed without a grantee. There is no finding that the heir, Mrs. Bradley, ever authorized any one to act for her in the matter, nor that the purchaser did not receive the deed with full knowledge of the condition in which it was acknowledged, and without any assurance of any right in any one to complete the conveyance. As the case stands it presents the simple question whether a conveyance in blank received by a party with full knowledge is equally valid with a formal deed completely executed and acknowledged and perfect in all its parts. That question can have but one answer. Any attempt upon such a record to discuss the doctrines which might apply in some supposable case would be improper as purely speculative. On the facts before us there is nothing to show any right, either legal or equitable.

The circuit court ruled correctly, and the judgment must be affirmed, with costs.

The other Justices concurred.