## BALFOUR LEE v. CHRISTOPHER BURRELL.

*Contract to pay debts—Damages.*

The measure of damages for the failure to perform a contract to pay joint debts owing by the parties thereto, and to obtain the discharge of a mortgage on their property, is the full amount of the debts if the original liability therefor has been enforced. Whether it would make any difference if the enforcement had been in fraud of defendant's rights—Q.

Error to Alpena. (Emerick, J.) June 12.—June 22.

ASSUMPSIT. Defendant brings error. Affirmed.

*Clayberg & Sleator* for appellant.

*J. D. Turnbull* for appellee.

CAMPBELL, J. Lee sued Burrell for failure to perform a contract whereby he agreed to pay certain joint debts, and to have a mortgage discharged. On the trial these enumerated debts were shown to have passed into judgment, and the mortgage to have passed into decree. There was also evidence of sales of property in each of the cases.

Objection was made to some general questions concerning the extent of the joint obligations, but inasmuch as the recovery was confined to the three debts which had passed into judgment or decree, and as to these it is not claimed the proof was deficient, those questions are of no consequence.

The only tangible question supposed to be presented is whether there was not evidence that defendant had in fact aided in paying the claims out of his own property to such

an extent as to reduce the right of recovery. The sale under the decree and judgments is not shown to have been in any way unusual, nor to have been made in fraud of Burrell. Under the agreement the debts should have been paid without any sale, and an action arose for the full amount. *Hall v. Nash* 10 Mich. 303; *Pratt v. Bates* 40 Mich. 37. The creditors collected these claims, and made no deductions. If Burrell had paid them, Lee would not have had his property disturbed at all. It cannot concern Burrell that his friends purchased it, or that it has since been made a source of profit by their generosity. There is no evidence tending to show that any steps were taken by any one in fraud of Burrell.

It is not clear that had such a claim been set up he could have availed himself of it under the pleading. As we read the declaration it counts for a breach and for damages on the failure to pay the debts and have the mortgage released. For these, under the decisions above mentioned, the plaintiff was entitled to recover the full amount of each debt, and that is precisely what the court allowed him to recover. There is certainly reason to consider any special defenses not amounting to release or payment as requiring notice. The allegations in the declaration concerning the sale of particular property of Lee do not constitute the entire claim, but are only explanatory of the proceedings to judgment and execution which followed defendant's failure to pay the claims. The claim of damage covers the entire breach, and is in the sum of five thousand dollars. The allegations of sacrifice of Lee's property might, perhaps, serve by way of aggravation, if such a claim could be maintained, upon which we need not now spend any time, because no recovery was asked or allowed on any such basis. But there is nothing whatever to authorize any reduction of the face of the judgments and decree, or to show that Burrell or his property paid anything that entitles him to such reduction.

The judgment was correct, and must be affirmed' with costs.

The other Justices concurred.