JOHN F. GOLDEN, Appellee, v. GEORGE W. BILBO, Appellant.

**DEEDS:** Breach of Contract in re Possession. A purchaser who takes
1  title to realty by having his name inserted in a deed theretofore
blank as to grantee, takes subject to an outstanding lease executed
by the former owner under said blank deed, it appearing that the
lessee was in possession when the said purchaser's name was in-
serted in the blank and the deed delivered, and *that reasonable in-
quiry of the lessee would have revealed his rights.*

**DEEDS:** Nonmerger of Contract. A deed which is silent as to the day
2  when grantee is to have possession does not merge the preceding
contract which does specify said day.

**APPEAL AND ERROR:** Incompetent Evidence on Established Fact.
3  Evidence of compromise offers by defendant is nonprejudicial, when
defendant's *liability* was conclusively established by competent
evidence.

**DEEDS:** Damages in re Contract for Possession—Evidence. In an ac-
4  tion for breach of contract for possession at a specified date,—the
issue being as to the value of the farm with and without an out-
standing lease,—evidence of foreclosure proceeding subsequent to
the execution of the contract is immaterial.

*Appeal from Union District Court.*—P. C. WINTER, Judge.

OCTOBER 18, 1921.

APPELLEE brought this action to recover damages for the
breach of a contract between himself and appellant which pro-
vided for exchange of properties. Appellee alleged that he suf-
fered damages because the premises received by him were subject
to a lease extending from March 1, 1919, to March 1, 1920,
whereby he was denied possession of the premises on March 1,
1919, on which date, under the contract, he was to receive pos-
session. Trial to a jury, resulting in a verdict for plaintiff.
Judgment was rendered thereon, from which this appeal is
prosecuted.—*Affirmed.*

.  *R. Brown,* for appellant.

*Kenneth H. Davenport* and *E. F. McEniry,* for appellee.

ARTHUR, J.—I. In his petition, appellee claims that he was denied possession of the land he was to receive on March 1, 1919, because of a lease previously given, whereby possession was re-
tained by the lessees from and after March 1, 1919, to March 1, 1920, and that such lease prevented a sale or trade of the land by him, and resulted in damage to him; that, under the terms of the contract for the exchange of properties, defendant was to give possession to plaintiff on March 1, 1919.

1. DEEDS: breach of contract *in re* possession.

Appellant admits executing the contract, and admits the terms of the same, but alleges that he performed all the terms of the contract; that, in pursuance of the terms of the contract, he executed and delivered a deed for the premises to appellee on or about October 30, 1918, and made full performance of the terms of the contract; that the lease complained of was void; and that appellee failed in his possession because of his own neglect and omissions; that the title received and held by appellee by virtue of the deed of October 30, 1918, was paramount to the lease of the premises; and that appellee lost the possession of the premises and the rental by his own fault, omissions, and failures.

II. Error is assigned to Instruction No. 3, wherein the court instructed the jury that the contract had been established beyond dispute, under which, by its terms, appellee was to be given possession March 1, 1919; and that it was further established without contradiction that appellant did not so give appellee possession; and that the only remaining issue was to fix the amount of appellee's damages.

Appellee, by contract in writing, traded certain town property to appellant for a farm. The contract is dated October 24, 1918, and contains the following provision:

"Each party hereto agrees to pay the interest due on the mortgages on the property he is trading and the taxes thereon up to October 23, 1918, *and possession of the farm is to be given on March 1, 1919,* and possession of the town property is to be given as soon as the title papers are exchanged, and this trade completed."

2. DEEDS: non-merger of contract.

It appears without dispute in the record that one Frank Pierce owned the land in September, 1918, and in that month conveyed the same to Elsie Seligman, by deed in which the name

of the grantee was not inserted. While Elsie Seligman was the owner of the deed, on October 1, 1918, she leased it to John Sink for the year commencing March 1, 1919, and ending March 1, 1920. On October 16, 1918, Sink subleased a part of the land to William Cunningham, and the remainder to W. J. Hammons, for the term of his lease. Cunningham and Hammons were already in possession of the premises, under the lease for the year ending March 1, 1919. Elsie Seligman sold the land to appellant, and delivered the deed, still blank as to grantee. It was discovered that the description in the deed was erroneous, and a new deed was executed by Pierce, October 30, 1918, to correct the error, and appellee's name was inserted as grantee in this new deed. Some time in January, 1919, appellee discovered the existence of the lease from Elsie Seligman to Sink, and the subleases from Sink to Hammons and Cunningham, and appellee and appellant then had a conference about the possession of the premises by Hammons and Cunningham with Hammons and Cunningham, lessees, at which the lessees insisted on the validity of their leases and their right to possession under them until March 1, 1920, and refused to surrender possession of the premises. Appellant never did put appellee in possession of the premises.

Counsel for appellant take the position that the deed from appellant to appellee, delivered in October, 1918, and accepted by appellee, invested the appellee with title, and with the right to possession of the premises paramount. to the right of possession of the lessees; that the lease from Seligman to Sink was void; that the subsequent leases to Hammons and Cunningham were void; that both appellant and appellee took title without notice of the leases; that the title of appellee was paramount to the leases; and that he failed to enforce his right of possession at his own peril. Counsel for appellant further contend that, when the deed to appellee was executed, the contract of exchange which preceded the deed, and which provided for possession on March 1, 1919, was merged in the deed, and that the contract was not competent evidence to show plaintiff's right to possession on March 1, 1919.

The record is clear that the tenants had valid leases for the year beginning March 1, 1919, and ending March 1, 1920, and

could not be dispossessed. Title to this land was, for a time, dependent on the ownership of a certain deed, blank as to grantee. It is settled in this state that such deed confers the equitable title on the purchaser, and that such title passes by delivery. *Liljedahl v. Glassgow,* 190 Iowa 827. While Elsie Seligman held the land by the deed blank as to grantee, it is undisputed that she leased the land to John L. Sink, who sublet to Hammons and Cunningham. Hammons and Cunningham were in possession as tenants when the contract between appellee and appellant was made, and when the deed was delivered, and when appellant acquired the blank deed from the identical persons who leased the land to Sink. At the time the contract was entered into, neither party knew that Hammons and Cunningham were in possession under leases. They both disclaimed such knowledge. Appellee did not know of any possession by tenants. Appellant was informed of occupancy of the premises by Cunningham and Hammons, but did not know, as he testified, that they were in possession under leases. Appellant testified:

"I knew that Hammons and Cunningham were in possession. I did not talk to either of them, to find out when their leases expired."

Under such situation, the rule contended for by appellant—that, where one is in possession under a known right of possession, such possession is referable to such right, and the purchaser can rightfully assume that the possession is bottomed on such right, and need not inquire further—can scarcely be applied to lessees who rent for short periods, and often renew their leases. Reasonable inquiry of the lessees in possession would have disclosed their claim.

Appellant's position that it was not competent to show by the contract when plaintiff was to have actual possession of the land is not tenable.

It was not error, under the facts shown in the evidence, to instruct the jury, as the court did, that the contract by the terms of which appellant agreed to give appellee, on March 1, 1919, possession of the farm described in the contract, was established by the evidence without dispute; and that the evidence established without contradiction the fact that the appellant did not give the appellee possession of the farm on March 1, 1919;

and that the only issue for the consideration of the jury was the amount of appellee's damage.

III. Complaint is also made, in argument only, as to the measure of damages adopted by the instruction. The giving of the instruction defining the measure of. damages is not. listed among errors relied upon for reversal, and cannot be given attention.

IV. We now come to consider error assigned in permitting appellee to testify to offers of a compromise and settlement. Counsel agree—and well they may—that it is the settled law of this and every other state that offers by way of compromise are not admissible to show liability. Appellee insists that no such evidence was admitted, and, therefore, no error committed. Appellant says that the evidence received was of such a character. Appellee insists that no statements by appellee, either by way of compromise or otherwise, were received over the objection of appellant; that the statements testified to by appellee were not objected to by appellant, nor was any motion to strike the same made.

3. APPEAL AND ERROR: incompetent evidence on established fact.

To ascertain what evidence was received, and the nature of it, and what objections, if any, were made, we must go to the record.

Appellee testified that, in January or February, 1919, he learned from Hammons of the leases which Hammons and Cunningham had, and took the matter up with appellant as to whether he (appellee) could obtain possession of the land; that, a little later, in February, appellee, appellant, Hammons, and Cunningham met, to consider the leases and whether appellee could get possession of the land; that Hammons and Cunningham said they had the land leased, and appellant said that, if they had, he did not know it; that he and appellant then agreed to lay the facts before appellant's attorney, and abide by his decision.

"Q. Whom did you see? A. Mr. Higbee, his attorney. (Defendant objects to the question for the reason that it is incompetent, immaterial, and irrelevant, and improper to relate the proceedings in an attempt to compromise. The court: Defendant may answer for the present. Defendant excepts to the

ruling.)    A.    We went to Mr. Higbee's office, and Mr. Bilbo [appellant] himself related the circumstances, and presented a copy of the contract, and told the facts in the case, and when he was through, Mr. Higbee said, 'There is nothing to this, George [Bilbo].'    (Defendant renews objection before made, that the testimony was incompetent, immaterial, and irrelevant, and improper to relate the proceedings in an attempt to compromise. The court: I think the decision of Mr. Higbee is not competent. It is an offer to compromise, and the motion to strike will be sustained.    He can relate what led up to this.    The witness: Can I relate Mr. Bilbo's conversation afterwards?    The court: Yes.)    After the matter had been submitted to Mr. Higbee, Mr. Bilbo agreed to pay me for the rent of 1919, and I told him if he would do that, I would be satisfied with that, and at that time he agreed to do that, and the next day he submitted two notes for the rent, but they were simply his personal notes.    I did not accept those notes.    He wanted to know then if I would accept them if he had Dr. Orlo Coakley on there as security with himself, and I said, 'Yes;' and he left and never came back.    I saw Mr. Bilbo with reference to this transaction in the spring of 1920 again.    Q.    State that conversation to the jury.    A.    He had tendered a settlement of $600, I believe, to dismiss any suit—(Defendant objects to any testimony being given in regard to any compromise, as being incompetent.    The court: I will overrule the objection at this time.    Defendant objects to the ruling of the court.)''

Unquestionably, the testimony was of offers of compromise. The testimony of appellee shows that appellant agreed to pay the rent for 1919, and at another time offered to pay $600, in settlement of appellee's claim against appellant.    This testimony was incompetent for any purpose.    When the first question was asked by counsel for appellee, to bring out what occurred in Mr. Higbee's office, apt objection was made; but the court permitted the witness (appellee) to answer, and to state that they went to Mr. Higbee's office, and that appellant stated their controversy to Mr. Higbee, and that Higbee said, ''There is nothing to this, George [Bilbo].''    This answer was stricken by the court, but the court then permitted appellee to relate further statements made by appellant. This the court did although no question was

propounded to the witness; and we think the former objection would apply. The witness stated that he had another conversation with appellant in the spring of 1920, and was asked to state such conversation to the jury. No objection was interposed to this question before the witness started to answer, and the witness stated that appellant had tendered a settlement of $600. Before the witness had proceeded further, appellant objected, and the objection was overruled. Appellee's answer—that he had tendered a settlement of $600—could scarcely have been anticipated by the question, and was really a volunteer statement; and it seems that the court considered the objection made in time, for he overruled it. It was error to admit the testimony. But was it prejudicial error, under the issues and facts? Unquestionably, it would have been prejudicial error if the question of liability of appellant had been a question for the jury. But the liability of appellant was decided by the court on the record, as a matter of law. The jury found damages in the amount of $700. The damages allowed were less than the rental paid by the sublessees to Sink, and, therefore, less than the minimum to which appellee was entitled. We think the jury could not have been influenced, in assessing the damages, by the testimony received of offer of compromise, and that error in admitting such testimony was without prejudice to appellant.

V. Appellant complains of the exclusion from evidence, on his offer, of a record of foreclosure proceedings of a mortgage on the land, with receiver clause in the mortgage, which 4. DEEDS: damages *in re* contract for possession: evidence. proceedings were subsequent to the date of the contract of exchange of properties. It was not error to exclude such offer. This action was not brought to recover rent. It was an action to recover the difference in the value of the farm with possession delivered on March 1, 1919, and the value of the farm with possession delivered on March 1, 1920.

We find no reason to disturb the verdict and judgment, and the case is affirmed.—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.