NEBRASKA WESLEYAN UNIVERSITY, APPELLANT, V. H. B. SMITH, APPELLANT: HENRY C. WITTMANN, APPELLEE.

FILED MARCH 6, 1925. No. 22976.

1. **Deeds:** DELIVERY OF DEED IN BLANK: EFFECT. The equitable title passes to a purchaser for a valuable consideration by a delivery of the deed, even though the deed does not contain the name of any grantee.

2. **Mortgages:** LIABILITY OF PURCHASER ASSUMING MORTGAGE. A purchaser, for a valuable consideration, by accepting a deed containing a clause that the grantee assumes and agrees to pay a certain mortgage, ordinarily becomes liable for the payment of such incumbrance, even though no name appears in the deed as grantee.

3. **Evidence:** PAROL EVIDENCE: RECITALS IN DEED. In an action by a mortgagee seeking to hold a third party liable for the mortgage debt under an assumption clause in an unrecorded deed, in the absence of facts creating an estoppel, such third party is entitled to show what was the real contract between himself and his grantor, even though the effect of such testimony is to vary or contradict the recitals in the deed.

4. **Evidence** examined, and *held* to sustain the decree in part.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed in part, and reversed in part.*

*Gaylord & Gaylord,* for appellants.

Nebraska Wesleyan University v. Smith.

· *Claude S. Wilson* and *Albert S. Johnston, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and THOMPSON, JJ., and SHEPHERD, District Judge.

DAY, J.

Nebraska Wesleyan University, plaintiff, brought this action against H. B. Smith and wife, and Henry C. Wittmann and wife, to foreclose two mortgages, each covering a different lot in University Place, Nebraska. The mortgages were executed by Smith and his wife to George E. Johnson, and by the latter assigned to the plaintiff. Later, Smith conveyed the mortgaged premises to Wittmann, the respective deeds reciting that the conveyance was made subject to a mortgage, specifically described, which the grantee assumed and agreed to pay.

In addition to a decree of foreclosure, the plaintiff sought a finding and decree that Smith and Wittmann were personally liable for any deficiency which might remain after the sale of the mortgaged premises. The plaintiff sought to hold Wittmann liable upon the theory that as purchaser of the mortgaged premises, and by the terms of his deeds, he had assumed and agreed to pay the mortgages.

Smith filed a cross-petition in which he prayed for a decree finding Wittmann liable for any deficiency which might arise upon the sale of the mortgaged premises.

In his answer Wittmann admitted that he received a deed from Smith for lot 7, block 105, University Place, in which he was named as grantee, and that by the terms of the deed he assumed and agreed to pay a mortgage of $200 then upon the premises. With respect to lot 8, Wittmann denied that he was named as grantee in the deed, alleged that the deed contained no name of a grantee, set out the contract between himself and Smith, and denied liability to the plaintiff or to Smith.

The court entered a decree of foreclosure of the two mortgages, and decreed Smith to be liable for any deficiency arising upon the sale of the mortgaged premises, but also

found that Wittmann was not liable. From this judgment plaintiff and Smith have appealed.

It appears that on September 23, 1911, Smith and wife executed a mortgage for $200 upon lot 7, and a mortgage for $600 upon lot 8, both in block 105, University Place, in favor of George E. Johnson. The mortgages were assigned to plaintiff on March 19, 1913. The record shows that on February 27, 1914, Smith and Wittmann entered into a written contract whereby Smith agreed to sell and convey by warranty deed lots 7 and 8, in block 105, University Place, subject to an incumbrance of $200 and $600, respectively, upon the lots. The contract recited:

"The remaining equity in the above lots, amounting to four hundred and forty dollars, will be paid by the party of the second part to the party of the first part as follows:" Then follows a description of certain personal property with the exchange value thereof, as agreed by the parties, totaling $440, which Wittmann agreed to give in exchange for the lots.

As originally drawn the proposed contract contained a recital as follows:

"Above lots are incumbered in the sum of two hundred (200) dollars and six hundred (600) dollars, respectively, which the party of the second part assumes and agrees to pay."

The contract as introduced in evidence has a line drawn through the words "which the party of the second part assumes and agrees to pay."

There is a conflict in the testimony of Wittmann and Smith as to whether the words above referred to were stricken from the proposed contract before the instrument was signed. It was Smith's theory that the line was drawn through the words after the contract was delivered and without his authority. Wittmann testified that the words were eliminated from the contract before it was signed. There are a number of circumstances which tend to corroborate Wittmann's version of striking the words mention-

ed from the contract, and we adopt his version as being correct.

With respect to the liability of Wittmann under the deed conveying lot 7, there seems to be no serious question. He admits in his answer that he received the deed conveying this lot in which he was named as grantee, and that the deed recited that it was subject to a mortgage of $200, which the grantee assumed and agreed to pay. He testified that he paid the interest on this mortgage, that he waived the privilege of his contract so far as this deed is concerned, because of Smith's insistence, and because he considered the lot as abundant security for the loan. In view of the record, we think the trial court should have entered a finding and decree that Wittmann was liable for any deficiency upon the $200 mortgage, which might arise upon the sale of lot 7.

We come now to consider the liability of Wittmann upon the deed conveying lot 8.

The record shows that the deeds for the two lots were received by Wittmann on or about March 3, 1914. When the deed to lot 8 was first received by Wittmann, his name appeared therein as grantee. The deed also contained a recital that there was a mortgage of $600 on the premises, which the grantee assumed and agreed to pay. Wittmann testified that, following the receipt of the deed, he and Smith had a conversation in which the latter suggested that the name of the grantee in the deed be erased.

On March 4, 1914, Wittmann wrote a letter to Smith, in part as follows:

"Herewith I return to you deed to lot 8, block 105, University Place, Nebraska, and beg to state that I cannot accept same as written. My attorney advises me not to erase any portion of said deed as suggested, but to return same for correction. My reason for returning this deed is that it is not executed as per contract of February 27, 1914. You have included in the above mentioned deed that the grantee assumes and agrees to pay the mortgage

on the described lot which is contrary to our contract. Kindly execute a new deed and leave out the above words or if you insist to have the same in the deed you will have to make me a deed in blank as per our agreement."

Wittmann further testified that a few days later he received a deed from Smith in which the name of the grantee was omitted; that later Wittmann traded the deed in blank to a man in Iowa. The deed to lot 8 has never been presented for record.

It was Smith's theory that Wittmann had erased his name, as grantee, in the deed and there was testimony which tended to corroborate this theory. In the view which we have taken of the case, however, it seems unnecessary to determine whether the deed contained Wittmann's name, as grantee. He accepted the deed containing a clause that the grantee assumed and agreed to pay the mortgage. Granting that the deed was blank, as to the name of the grantee, the equitable title passed to Wittmann by delivery of the deed, and under these circumstances, if the question of liability turns solely upon the recital in the deed, he would become liable for the payment of the mortgage.

It is the contention of the plaintiff that no evidence could be received which tended to contradict or vary the recital in the deed to the effect that the grantee assumed and agreed to pay the mortgage. It is argued that evidence as to what the prior contract was between the grantor and the grantee was incompetent because the contract became merged in the deed. It must be remembered, however, that as between plaintiff and Wittmann there is no privity of contract.

The rule excluding parol proof where there is a written contract or agreement does not apply where a stranger to the contract is seeking some advantage by reason of its terms. *Livingston v. Stevens,* 122 Ia. 62. It was competent, therefore, for Wittmann to show that, notwithstanding the terms of his deed, he never in fact agreed to assume and pay the mortgage. While the recital in the deed was evidence that he did assume and agree to pay

the mortgage, it was not conclusive, and the contract between himself and his grantor, in our view, entirely overcomes the recital in the deed.

As between Wittmann and Smith, his grantor in the deed, we think the evidence was properly received on the theory that there was no consideration for Wittmann to assume and agree to pay the mortgage. The contract between Smith and Wittmann, as originally drafted, contained a clause that Wittmann was to assume and pay the mortgages, but the clause was stricken out of the contract. There was no other consideration paid for the deeds than that provided in the contract. The contract plainly shows that Wittmann was purchasing Smith's equity in the lots. As we view the evidence, there was no consideration for Wittmann's assuming the liability to pay the mortgage as provided in the clause in the deed. No innocent third parties are involved in the transaction. Upon the whole record, we think the trial court was right in holding that Wittmann was not liable for the payment of any deficiency which might arise upon the sale of lot 8. For cases bearing generally on the question discussed, see *Livingston v. Stevens,* 122 Ia. 62; *Liljedahl v. Glassgow,* 190 Ia. 827; *Peters v. Goodrich,* 192 Ia. 790; *Santee v. Keefe,* 127 Ia. 128; *Gilmore v. Shearer,* 197 Ia. 506, 32 A. L. R. 733, and notes cited; *Shult v. Doyle,* 199 Ia. —.

From what has been said, it follows that the decree of the district court should be modified so as to hold Wittmann liable for any deficiency which may arise upon the sale of lot 7. The judgment of the district court is reversed in part, with directions to enter a decree conforming with this opinion.

AFFIRMED IN PART, AND REVERSED IN PART.