HOEY v. EBERT.*

1. DEEDS—EXECUTION IN BLANK—INSERTION OF GRANTEE'S NAME.
    General rule that deed, in order to become operative, must have grantee's name inserted in it at the time of its delivery is subject to exceptions that name may be inserted afterwards at the direction of the grantor or his agent and that implied authority is given recipient to fill in his own name or the name of a person who may purchase the property.

2. SAME—INSERTION OF GRANTEE'S NAME BEFORE DELIVERY.
    Conditions precedent to operation of deed executed in blank as to name of grantee are that blank must be filled in by party authorized to do so and that this be done before or at the time of the delivery of the deed to the grantee named.

3. SAME—EXECUTION IN BLANK.
    Delivery of deed executed in blank as to name of grantee does not pass title where no name was ever inserted and such deed is without value.

---

* This case reversed on rehearing. See 270 Mich. 25.

4. ACTION—VALUE OF LOT—DEEDS.

> Plaintiff has no legal cause of action against defendant for value of lot allegedly conveyed by deed executed in blank as to name of grantee where blank was never filled in and plaintiff still has title to the lot after having relieved it from mortgage he had placed thereon with assistance of defendant.

Appeal from Wayne; Brennan (John V.), J., presiding. Submitted April 5, 1934. (Docket No. 35, Calendar No. 37,607.) Decided June 4, 1934. Submitted on rehearing December 10, 1934. Decided January 7, 1935.

Action by John T. Hoey against Edmund L. Ebert for damages for alleged conversion of a deed. Verdict for plaintiff. Judgment *non obstante veredicto* for defendant. Plaintiff appeals. Affirmed.

On rehearing this case was reversed and judgment ordered for plaintiff in reduced amount, see 270 Mich. 25.

*Monaghan, Crowley, Reilley & Kellogg (Edward T. Kelley,* of counsel), for plaintiff.

*Jorgensen & Alexander,* for defendant.

NELSON SHARPE, C. J. On May 26, 1925, the defendant, a real estate dealer, negotiated a loan for plaintiff from William E. Baumann and Helen E. Baumann, his wife, for the sum of $355, evidenced by a promissory note, payable one year after date, and secured by a mortgage on a lot owned by plaintiff in the township of Ecorse, in the county of Wayne. Plaintiff paid the interest thereon for one year. He testified that a few days after the second year's interest became due he told the defendant that he could not pay it up and, after the lapse of considerable time and several conferences, the defendant said to him,—''Well, you might as well sign

it off and save foreclosure proceedings or any other legal procedure I might have to take,"—and that he decided to give him a deed upon defendant's promise that "he would discharge my obligation."

A warranty deed was prepared by the defendant, in which the title was warranted except as to the Baumann mortgage, and executed by the plaintiff on December 10, 1928, and delivered to the defendant. The name of the grantee was not inserted therein. Plaintiff testified that defendant said "it was not necessary to fill that in, that he did not know who he would sign the lot over to."

It also appears that, after receiving the deed, the defendant paid the taxes delinquent on the lot for the years 1927 and 1928, amounting to $169. In 1931, the mortgagees began suit against the plaintiff on his note and recovered a judgment therefor, which has been paid or otherwise secured by him. When that action was brought, the defendant offered to return the deed to plaintiff, but he refused to accept it. It was offered in evidence on this trial. The name of a grantee did not appear in it.

This action is brought by plaintiff to recover the value of the lot, based on the claim that the deed, while executed in blank, conferred on the defendant the power to pass the title thereto, and that the defendant "having converted it is liable for its value."

The trial court reserved decision on defendant's motion for a directed verdict, and submitted the case to the jury, who found for the plaintiff in the sum of $900. A motion for judgment notwithstanding the verdict was afterwards granted and a judgment entered for the defendant, from which plaintiff has prosecuted this appeal.

This action of the trial court was based upon his finding as a matter of law that the omission of the

name of the grantee in the deed rendered it "inoperative as a conveyance" and imposed no obligation upon the defendant.

The general rule is that for a deed to become operative the name of the grantee must be inserted therein at the time of its delivery. *Stamp* v. *Steele,* 209 Mich. 205. To this rule there are exceptions. There are many decisions which hold that if the name of the grantee be afterwards inserted therein by direction of the grantor or his agent it becomes operative, and others holding that delivery of it gives implied authority to the person to whom it is delivered to fill in his own name or the name of a person to whom he may dispose of the property.

In *Allen* v. *Withrow,* 110 U. S. 119, 128 (3 Sup. Ct. 517), it was said:

"But there are two conditions essential to make a deed thus executed in blank operate as a conveyance of the property described in it; the blank must be filled by the party authorized to fill it, and this must be done before or at the time of the delivery of the deed to the grantee named."

In *Kurbel* v. *O'Hair,* 256 Mich. 680, in which the names of the grantees were inserted after delivery, Mr. Justice NORTH, speaking for the court, said (p. 683):

"There are many cases which, under certain established circumstances, hold that an instrument in the form of a deed executed in blank as to one or more of its requisites is void. Appellants' brief cites *Newton* v. *McKay,* 29 Mich. 1; *Lindsley* v. *Lamb,* 34 Mich. 509; *Stebbins* v. *Watson,* 71 Mich. 467; *Maynard* v. *Davis,* 127 Mich. 571; *Barras* v. *Barras,* 191 Mich. 473; and *Stamp* v. *Steele, supra.* None of these cases seem to go so far as to hold that under no circumstances would a deed executed in blank as to grantee be held valid, not-

withstanding the grantor placed it in his agent's hands for delivery, that the grantee paid a valuable consideration to the grantor's agent, and that the grantor received in full the agreed purchase price. In such cases the question of estoppel is usually controlling."

The decisions are reviewed at length in 32 A. L. R. 737, and 75 A. L. R. 1108.

As no name of a grantee was at any time inserted in the deed, no title passed to the defendant by the mere act of its delivery to him.

Plaintiff's counsel urge that, if it be so held, "nevertheless, Hoey turned over to Ebert something of value which the jury has found he diverted to his own use."

While the evidence is conflicting as to the purpose for which the deed was executed and delivered, it never had any value, and it must be held that this claim is without merit.

The plaintiff still has title to his lot. He has relieved it from the mortgage placed by him thereon. In our opinion he had no legal cause of action against the defendant, and the judgment was properly entered.

It is affirmed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.