## HOEY *v.* EBERT.

### ON REHEARING.

1. DEEDS—EXECUTION IN BLANK—CONSIDERATION.

   Delivery to defendant of deed to lot, executed in blank as to name of grantee, constituted a sufficient consideration for his promise to assume obligation of plaintiff's note secured by mortgage on property, since he became equitable owner thereof.

2. SAME—CONVERSION—MEASURE OF DAMAGES.

   Measure of damages in action by grantor for conversion of deed, who delivered it, executed in blank as to name of grantee, to defendant upon the latter's promise to relieve grantor from payment of note secured by mortgage on property is not dependent on value of land but upon allegation as to amount of judgment grantor had to pay as result of defendant's breach of his agreement.

3. APPEAL AND ERROR—JUDGMENT—REDUCTION.

   On appeal from judgment *non obstante veredicto* where jury was improperly instructed as to measure of damages and court was in error in entering judgment for defendant, judgment is ordered entered in accordance with verdict but in an amount reduced to that which plaintiff was entitled to recover.

Appeal from Wayne; Brennan (John V.), J., presiding. Submitted April 5, 1934. (Docket No. 35, Calendar No. 37,607.) Decided June 4, 1934. Submitted on rehearing December 10, 1934. Decided January 7, 1935.

Action by John F. Hoey against Edmund L. Ebert for damages for alleged conversion of a deed. Verdict for plaintiff. Judgment *non obstante veredicto* for defendant. Plaintiff appeals. Reversed on rehearing and judgment ordered entered for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiff.

*Jorgenson & Alexander,* for defendant.

### On Rehearing.

Nelson Sharpe, J.   In this case a judgment for defendant notwithstanding the verdict of the jury in favor of the plaintiff was affirmed by this court. 267 Mich. 155.   Decision rested upon the rule of law that the omission of the name of the defendant as grantee in the deed executed by the plaintiff rendered it inoperative as a conveyance and imposed no obligation upon the defendant to whom it was delivered.

On application of the plaintiff a rehearing has been granted.   On further consideration we are convinced that we were in error in so holding.

Under the instruction of the court the jury found that plaintiff executed and delivered to defendant the deed in question, without the name of the grantee having been inserted therein, on defendant's promise and undertaking that he would assume the obligation plaintiff had incurred by his execution of the promissory note secured by a mortgage on the premises.

While the defendant did not insert his own name, or that of another, in the deed as he was authorized by plaintiff to do, he paid the taxes on the lot described therein, which was vacant, and kept the deed in his possession until the plaintiff was sued upon the note, when he offered to return it to him.

Until the name of a grantee was inserted in the deed, it would not operate as a legal conveyance of the property.   But, by its delivery to the defendant,

he became the equitable owner of the lot, and he might at any time thereafter have made it a valid conveyance by the insertion of his own name or that of any other person in it. It therefore constituted a sufficient consideration for his promise or undertaking, which he admits he never performed.

In *Lockwood* v. *Bassett*, 49 Mich. 546, in speaking of the effect of the delivery of a deed without the name of the grantee therein, but with authority to the person to whom it was delivered to insert such name, this court said:

"The purpose therefore was to put the legal title at her disposal as the equitable owner."

In *Golden* v. *Bilbo*, 192 Iowa, 319, 322 (184 N. W. 643), the court said:

"Title to this land was, for a time, dependent on the ownership of a certain deed, blank as to grantee. It is settled in this State that such deed confers the equitable title on the purchaser, and that such title passes by delivery."

In *Nebraska Wesleyan University* v. *Smith*, 113 Neb. 208, 212 (202 N. W. 625), the court said:

"Granting that the deed was blank, as to the name of the grantee, the equitable title passed to Wittman by delivery of the deed, and under these circumstances, if the question of liability turns solely upon the recital in the deed, he would become liable for the payment of the mortgage."

In submitting the case to the jury the trial court instructed them that, if they found for the plaintiff, the damages to which he was entitled was the fair market value of the property at the time the deed was given, on the theory that defendant had con-

verted the deed therefor to his own use. The jury found for the plaintiff in the sum of $900. As before stated, a judgment was entered for the defendant notwithstanding the verdict.

In our opinion the court erred in fixing the value of the property as the measure of plaintiff's damages. His right to recover was dependent upon an allegation in his declaration of a breach of the agreement of the defendant to relieve him from the payment of the note which he had given, secured by a mortgage on the property, and for which a judgment has been recovered against him, in the sum of $461, which he arranged for the payment of under an agreement made with the plaintiff therein on September 22, 1931. *Pratt* v. *Bates,* 40 Mich. 37; *Lee* v. *Burrell,* 51 Mich. 132.

Plaintiff's counsel in their brief ask this court, if it be found that this sum is that which plaintiff is entitled to recover, to order judgment to be entered for that amount. As the facts found by the jury justify his claim in this respect, it seems unnecessary to order a new trial.

The record will be remanded to the circuit court, with direction to enter a judgment for the plaintiff against the defendant for the sum of $461 and interest thereon at five per cent. from the 22d day of September, 1931, with the costs of both courts.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.